IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 94-30428

---

LIBERTY MUTUAL INSURANCE CO., ET AL.,

Plaintiffs-Appellees,

versus

THE LOUISIANA DEPARTMENT OF INSURANCE, ET AL.,

Defendants,

THE LOUISIANA DEPARTMENT OF INSURANCE, ET AL.,

Defendants-Appellants.

---

Appeal from the United States District Court
for the Middle District of Louisiana

---

(August 11, 1995)

Before HIGGINBOTHAM, SMITH, and STEWART, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Three insurers filed suit in federal court, alleging that Louisiana insurance regulators violated the federal and state constitutions by denying requested rate increases. The ratemakers sued in their individual capacity moved to dismiss or stay discovery, alleging legislative and qualified immunity. The magistrate judge allowed limited discovery on the legislative immunity issue, and the district court affirmed. We remand with instructions to dismiss.

I.

Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, and Liberty Insurance Corporation (collectively Liberty Mutual) write insurance coverage in Louisiana and other states. The Louisiana Insurance Rating Commission is part of the Louisiana Department of Insurance, a state agency. Louisiana law divides the market for worker's compensation insurance into the voluntary and involuntary markets. The involuntary market contains insureds who could not buy insurance in a free market. Insurers serving the voluntary market must also serve the involuntary market. The LIRC regulates insurance rates in both markets.

Liberty Mutual sought to avoid losses in its sales in the involuntary market by seeking rate increases in that market or increases in the voluntary market sufficient to cover the losses by cross-subsidization. The LIRC denied these requests. With one exception, Liberty Mutual did not appeal these orders to the state courts. The one appeal sought only prospective relief to implement a requested rate increase in the voluntary market. The state courts denied relief. It left Liberty Mutual free to apply to the LIRC for a rate increase in the involuntary market, but Liberty Mutual did not do so. Rather, Liberty Mutual filed this § 1983 action against the Louisiana Department of Insurance, the LIRC, and ten current and former members of the LIRC in their individual and official capacities. The complaint alleged that allowed rates were confiscatory, and it sought damages and both declaratory and

injunctive relief.  The last amended complaint charges all defendants with three constitutional violations.

Liberty Mutual noticed the depositions of the ratemakers, who moved for a protective order and dismissal, arguing legislative and qualified immunity.  The magistrate judge did not rule on the motion to dismiss, but ruled that Liberty Mutual could take four depositions, discovery confined to the defense of legislative immunity.  The district court affirmed, and defendants filed this interlocutory appeal of the discovery ruling.  Liberty Mutual has moved to dismiss this appeal.


                              II.

The parties dispute whether Mitchell v. Forsyth, 472 U.S. 511 (1985), supports appeal of the discovery order.  Liberty Mutual argues that because the discovery order is narrowly tailored to discover facts needed to decide the ratemakers' legislative immunity claim, there was no appealable denial of qualified immunity.

The difficulty is that the discovery order became appealable when it implicitly denied the ratemakers' claim to qualified immunity.  The district court permitted limited discovery on the legislative immunity issue before deciding the qualified immunity issue.  If the ratemakers are entitled to qualified immunity, the discovery order impermissibly saddles the ratemakers with "avoidable, burdensome pretrial matters."  See Lion Boulos v. Wilson, 834 F.2d 504, 507 (5th Cir. 1987).  This is so, as we will

3

explain, because legislative immunity here requires discovery and qualified immunity does not.  Given the underlying policy of the immunity doctrines, the magistrate judge should have first addressed qualified immunity, with its potential for decision without discovery.  Such discovery orders are immediately appealable, see id., and we decline to dismiss this appeal.

### III.

Liberty Mutual charges the ratemakers with violating its constitutional rights in three related ways:[1] by confiscatory rate regulation in violation of the Takings Clause and substantive due process, by denying it procedural due process, and by violating the Commerce Clause. Before deciding whether a defendant enjoys qualified immunity, we "first resolve the constitutional question -- that is, whether [plaintiffs have] stated a claim for violation of a right secured to [them] under the United States Constitution." Duckett v. City of Cedar Park, 950 F.2d 272, 278 (5th Cir. 1992) (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).  We hold that the first of Liberty Mutual's contentions is not ripe, and that its second and third fail to state claims.

### A.

Much of the briefing on both sides is filled with arguments and precedents interpreting the Takings Clause and its

---

[1]  On appeal, Liberty Mutual also alleges in passing a violation of the Equal Protection Clause.  Because it is neither briefed on appeal nor raised in the last amended complaint, we do not consider it.

applicability to the type of rate regulation now before us. We find it unnecessary to reach these issues, and intimate no views on them.

We are persuaded that this case is controlled by <u>Williamson County Regional Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172 (1985). In <u>Williamson</u>, a county zoning commission changed the zoning rules applicable to a developer's land. The developer immediately brought a § 1983 lawsuit in federal court, alleging a violation of the Takings Clause. The Supreme Court held that the takings claim was unripe for two reasons: First, the administrative body had not rendered a final decision applying the challenged rule to the owner's property and rejecting proposed variances. <u>Id.</u> at 192-94. Second, the owner had not resorted to state judicial remedies for just compensation. <u>Id.</u> at 194-97.

As plaintiff, Liberty Mutual bears the burden of proving that, under Louisiana law as applied to it, any attempt to seek compensation via state procedures "would have been futile." <u>Samaad v. City of Dallas</u>, 940 F.2d 925, 934 (5th Cir. 1991). It did not do so. As far as we can determine, it is an open question whether Louisiana provides a compensation remedy for the kind of deprivation alleged here,[2] and Liberty Mutual should have first

---

[2]   <u>Compare</u> <u>Jackson Court Condominiums, Inc. v. City of New Orleans</u>, 874 F.2d 1070, 1082 (5th Cir. 1989) (La. Rev. Stat. Ann. § 19:102 (West 1979) provides a damages remedy in an inverse condemnation proceeding) and <u>South Cent. Bell Tel. Co. v. Louisiana Pub. Serv. Comm'n</u>, 236 So. 2d 813, 815 (La. 1970) (ruling in a public utility rate case that "a violation of constitutional rights, such as confiscation of property, would <u>require</u> a court to exercise the necessary authority to grant relief from the constitutional abuse" with at least injunctive, if not monetary,

5

posed the question to the state courts before bringing it here. Instead, Liberty Mutual brought this federal action without even alleging that a state action for compensation was unavailable to it. Because Liberty Mutual made no effort to compel the state to pay it just compensation for any confiscatory rate regulation and because on appeal it has offered no excuse for that failure, we reject Liberty Mutual's takings claim as unripe.

This reasoning applies equally to the one order for which Liberty Mutual sought judicial review in the Louisiana state courts. That claim rested on the takings clause and sought prospective relief only in the voluntary market and in the form of a rate increase, not damages.

## B.

The second claim, denial of procedural due process, falls with the first claim. The procedural due process claim fails because Liberty Mutual has not demonstrated that Louisiana does not offer a post-deprivation remedy, as we have explained.

## C.

Liberty Mutual's third claim is that the ratemakers have violated the Commerce Clause. The claim is that Louisiana policy holders enjoyed sub-market rates subsidized by the premiums paid by out-of-state policy holders. However, by the McCarran-Ferguson

---

relief) (emphasis added) with La. Rev. Stat. Ann. § 19:1 (West 1979) (restricting definition of compensable property to "immovable property, including servitudes and other rights in or to immovable property") and Louisiana v. Henderson, 138 So. 2d 597, 606-07 (La. Ct. App. 1962) (ruling that "movables" are not compensable under Louisiana expropriation law).

Act, "Congress removed all Commerce Clause limitations on the authority of the States to regulate and tax the business of insurance."  Western & S. Life Ins. Co. v. State Bd. of Equalization, 451 U.S. 648, 653 (1981).  "The Court has squarely rejected the argument that discriminatory state insurance taxes may be challenged under the Commerce Clause despite the McCarran-Ferguson Act."  Id. at 654.

IV.

Liberty Mutual has failed to state a claim on its second and third grounds, and its first claim is unripe.  We remand with instructions to dismiss all claims.  Any supplemental state claims should also be dismissed for want of jurisdiction, given the early stage of this litigation.

VACATED AND REMANDED with instructions.