IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30456
Summary Calendar
_____


JOSEPH ABSHIRE,

                              Plaintiff-Appellee Cross-Appellant,

                     versus

PARISH OF IBERIA,

                              Defendant-Appellant Cross-Appellee,

                       and

PARISH OF IBERIA, ET AL.,

                                                   Defendants.

_____

Appeal from the United States District Court for the
               Western District of Louisiana
                      (91-CV-1792)
_____

                    April 2, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]


This case is governed by <u>Williamson County Regional Planning Comm'n</u>

<u>v. Hamilton Bank</u>, 473 U.S. 172, 105 S.Ct. 3108 (1985), and

controlling precedent of this circuit.  Accordingly, we vacate the

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

judgment of the district court and remand with instructions to dismiss.

Joseph Abshire, the appellee/cross-appellant, filed this 42 U.S.C. § 1983 action in federal court against the Parish of Iberia (the "Parish") and various individual defendants. All defendants except the Parish have been dismissed from the suit. Abshire contends that the Parish, acting under color of state law, destroyed trees on his property without due process of law or just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution. Although he never sought compensation under available state judicial procedures, Abshire claims in his federal suit that the Parish violated Louisiana Revised Statute 3:4278.1(A) and that he was entitled to treble damages under that statute. The magistrate judge entered judgment in favor of Abshire in the amount of $44,752.

We hold that the district court lacked jurisdiction over Abshire's constitutional claim under the Takings Clause of the Fifth Amendment because the claim is not ripe. Williamson, 473 U.S. at 194-97; 105 S.Ct. at 3120-22; Liberty Mut. Ins. Co. v. Louisiana Dep't of Ins., 62 F.3d 115, 117-18 (5th Cir. 1995); Samaad v. City of Dallas, 940 F.2d 925, 933-35 (5th Cir. 1991). No constitutional violation occurs until just compensation has been denied. Id. Abshire never resorted to available state judicial

remedies for just compensation; hence, we reject his Takings Clause claim as unripe.  Id.  In addition, we note that Abshire has never contended that state remedies were inadequate or that resort to them would have been futile.  To the contrary, Abshire consistently has relied upon the Louisiana statutory remedies in making his case in federal court.  Id.; see also La. Rev. Stat. Ann. 3:4278.1 (West 1995).

To the extent that Abshire is claiming a denial of procedural due process under the Fourteenth Amendment, this claim too must fail because Abshire has endorsed, not challenged, the state deprivation remedy.  Liberty Mut. Ins., 62 F.3d at 118.

There being no violation of a constitutional right cognizable under 42 U.S.C. § 1983, we VACATE the district court's judgment and REMAND with instructions to dismiss all federal claims.  Any supplemental state claims may be dismissed, in the district court's discretion, pursuant to 28 U.S.C. § 1367(c)(3).

VACATED and REMANDED with instructions.