# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 5, 2011

No. 09-31110

Lyle W. Cayce
Clerk

ROSEDALE MISSIONARY BAPTIST CHURCH,

Plaintiff-Appellee,

versus

NEW ORLEANS CITY,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:08-CV-4458

Before SMITH, WIENER, and OWEN, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

The City of New Orleans appeals a jury verdict for Rosedale Missionary Baptist Church finding that the city violated the church's Fourteenth Amendment right to due process by demolishing the church building without notice.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31110

Because the church raises only a procedural due process claim, and the resolution of that claim depends on the resolution of the church's state court takings claim, we reverse the judgment and render a judgment of dismissal.

I.

Hurricane Gustav struck New Orleans in September 2008. A few days later, the city issued twenty-five Gustav-related demolition notices, including one for 4001 Reynes Street, where the church was located. The city then demolished the property without giving notice to the church. A consent decree in place at the time required the city to give notice of the proposed demolition of any structure it determined to be a threat to the "public health, safety, and welfare . . . as a result of damage from Hurricane Katrina, Hurricane Rita, or wind and flood damage associated with those hurricanes." Consent Decree, *Joshua v. City of New Orleans*, No. 07-4205 (E.D. La. Jan. 25, 2008), ECF No. 73. The consent decree applied to anyone who owned property in Orleans Parish. *Id.* The damage to the church was caused by Katrina and pre-dated Gustav. The parties do not dispute that the demolition occurred while the consent decree was in effect. The city maintains that the decree did not apply to property in imminent danger of collapse, but the jury found that the church was not in such imminent danger.

The church did not, however, seek sanctions for the city's violation of the consent decree. It only sued for damages for violations of its procedural and substantive due process rights and for just compensation under the Takings Clause. The decree explicitly states that it "does not cover or settle any aspects of individual claims for damages associated with past or future wrongful demolition." *Id.* So the decree, by its plain terms, does not cover the church's takings or due process claims.

Nevertheless, mistakenly believing that the consent decree gave it the right to do so, the church brought a takings claim and a substantive and proce-

2

No. 09-31110

dural due process claim against the city in federal court. Before trial, the district court dismissed the takings claim as unripe based on *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186, 194 (1985), but the city did not raise a ripeness argument with respect to the due process claims, and the parties went to trial.

The city argues that it raised a ripeness challenge to the due process claims in its pretrial memorandum of law, seven days before trial, but that more accurately appears to have been an argument that the church failed to state a procedural due process claim because no pre-taking process was constitutionally required under *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1984). At the close of the church's case at trial, however, the city did raise a ripeness challenge to the due process claims, and it did so again after trial, but the district court denied both motions.

The jury found that the city had violated the church's "Fifth or Fourteenth Amendment constitutional rights" and was not "excused because the church was in imminent danger of collapse."[1] It awarded $300,000 in damages. The city appealed the verdict, but the church did not appeal the dismissal of the takings claim as unripe.

## II.

The city argues the case should be dismissed because the church's procedural and substantive due process claims are unripe for review under *Williamson County*, 473 U.S. at 186, 194, and *John Corp. v. City of Houston*, 214 F.3d 573, 584 (5th Cir. 2000). The church responds that the city waived any ripeness arguments with respect to its due process claims because they were not raised until the close of the church's case at trial. The city counters that the ripeness

---

[1] The church also sued Mayor Ray Nagin, but the jury did not find him liable, and the church does not appeal that determination.

of a takings claim under *Williamson County* is a jurisdictional requirement that cannot be waived or forfeited, citing *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1991). That is indeed what we held in *Samaad*, but the Supreme Court has since explicitly held that *Williamson County*'s ripeness requirements are merely prudential, not jurisdictional,[2] so although a court may raise them *sua sponte*,[3] it may consider them waived or forfeited as well.[4] As a result, our holding in *Samaad* that *Williamson County* ripeness is an unwaivable jurisdictional requirement is no longer good law.

We do not need to address the novel question whether we may deem *Williamson County* ripeness arguments forfeited if they are raised only at the close of the plaintiff's case at trial, because the church's due process claim is unripe based not on *Williamson County* but on general ripeness principles. *John Corp.*, 214 F.3d at 586. Because the church does not allege a substantive due process claim that is independent of its procedural due process claim, and we cannot address the procedural due process claim without knowing the outcome of the takings claim, which is not before us, we dismiss the case as unripe.

---

[2] *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot.*, 130 S. Ct. 2592, 2610 (2010) (holding that *Williamson County*'s "just compensation" prong is merely prudential); *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 733-34 (1997) (stating that both *Williamson County* prongs are prudential); *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1011-13 (1992) (holding that *Williamson County*'s "final decision" prong is prudential); *see also San Remo Hotel v. City & Cnty. of San Francisco*, 545 U.S. 323, 340 (2005) (Rehnquist, J., concurring in the judgment) ("The Court in *Williamson County* purported to interpret the Fifth Amendment in divining this state-litigation requirement. More recently, we have referred to it as merely a prudential requirement." (citations omitted)).

[3] *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) ("[E]ven in a case raising only prudential concerns, the question of ripeness may be considered on a court's own motion.").

[4] *Stop the Beach*, 130 S. Ct. at 2610; *Guggenheim v. City of Goleta*, 582 F.3d 996, 1009 (9th Cir. 2009), *vacated on other grounds on reh'g en banc*, 2010 U.S. App. LEXIS 25981 (9th Cir. Dec. 22, 2010) (en banc), *petition for cert. filed* (Mar. 11, 2011) (No. 10-1125); *see Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1767 n.2 (2010) (deeming a prudential ripeness argument waived in an arbitration dispute).

No. 09-31110

A.

Although "no bright-line rule exists for determining whether a matter was raised below,"[5] for a litigant to preserve an argument for appeal, it must "press and not merely intimate the argument during the proceedings before the district court," *e.g.*, *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994). The argument must be raised "to such a degree that the district court has an opportunity to rule on it." *Id.* In *Hopkins v. Saunders*, 199 F.3d 968, 974-75 (8th Cir. 1999), although the plaintiff "marginally asserted" First Amendment and Title VII violations in his complaint, he never asserted them again, the district court did not address them in its final judgment, and the plaintiff did not object. The court held the claims waived on the ground that "[a] party may not stand idly by, watching the proceedings and allowing the district court to commit error on which the party subsequently complains." *Id.* at 975 (citation omitted). The facts of this case with respect to the church's substantive due process claim are virtually identical to those in *Hopkins*.

Although the church asserted in its complaint that it was making a substantive due process argument, it never explained what that argument was. A substantive due process violation is an "action[ ] government officials may not take no matter what procedural protections accompany them."[6] By contrast, the church's so-called "substantive" due process claim was listed within the same

---

[5] *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 n.4 (5th Cir. 1996) (internal quotation marks and citation omitted).

[6] *Augustine v. Doe*, 740 F.2d 322, 326 (5th Cir. 1984) (quoting *Hudson v. Palmer*, 468 U.S. 517, 541 n.4 (1984) (Stevens, J., concurring in part and dissenting in part)); *see Simi Inv. Co. v. Harris Cnty.*, 236 F.3d 240, 249 (5th Cir. 2000) (addressing a substantive due process claim in the takings context by determining whether a rational basis existed for the state's actions). Unlike the plaintiff that made a substantive due process allegation in *Williamson County*, 473 U.S. at 197, the church never alleged that some government law or regulation should be invalidated because it had the same effect as a taking. The only possible substantive due process claim the church could have raised, based on the facts in its complaint, would have been like the one in *Simi*, 236 F.3d at 249, but it never made that claim.

cause of action in its complaint as its procedural due process claim and involved the same *procedural* allegations, namely that "[t]he demolition at issue was effected without notice to [the church] and without an opportunity for [the church] to be heard in opposition" and that "[t]he demolition at issue was effected without regard to procedural safeguards within the City's own administration and in further violation of procedural safeguards set forth in a Consent Decree." Regardless of whether the facts alleged in the complaint could be fairly read to state a substantive due process claim, the complaint only vaguely asserted one.

The church did not once mention its substantive due process claim for the remainder of the district court proceedings. The only other time it came up was when the court denied a motion to dismiss the complaint pretrial because that motion to dismiss was untimely. At trial, the church did not argue that its due process rights were violated independently of its allegation that the city had failed to follow adequate procedural safeguards. On the contrary, the church's counsel twice asserted at trial that the only issue was whether pre-demolition process should have been provided.

Moreover, the district court never ruled on the merits of the substantive due process issue. At the close of trial, it addressed only the procedural due process claim: "[The church] asserts that the city's demolition of its church without prior notice and an opportunity to be heard violated its procedural due process rights under both the state and federal Due Process Clauses of the Fifth and Fourteenth Amendments." The court then instructed the jury only on the elements of a procedural due process claim, reciting the familiar factors discussed in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), and concluded by saying that the due process issue turned on whether the city had good reason not to provide notice, all without objection from the church. The verdict form did not separately discuss procedural and substantive due process claims.

Thus, to the extent the substantive due process claim, whatever it may be,

6

No. 09-31110

may differ from the procedural due process claim, that argument was not pressed before the district court and is waived. The mere recitation of the vague words "substantive due process" in one's complaint—without a word more of elaboration by either the parties or the court over the course of an entire trial—is insufficient to preserve such a claim on appeal.

B.

The remaining question is whether the procedural due process claim is ripe under general ripeness principles. *John Corp.*, 214 F.3d at 586. We may raise ripeness *sua sponte* and "cannot be bound by the wishes of the parties."[7] The ripeness inquiry involves "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hospitality Ass'n*, 538 U.S. at 808.

*John Corp.*, like the instant case, was brought by a plaintiff alleging that it was not provided sufficient process before the state demolished its property. *John Corp.*, 214 F.3d at 585. We held that "it will only be when a court may assess the takings claim that it will also be able to examine whether [the owner of the demolished property was] afforded less procedure than is constitutionally required." *Id.* Until then, "additional factual development is necessary." *Id.* at 586. The reason is that, where the injury that resulted from an alleged procedural due process violation is merely a taking without just compensation, we cannot know whether the plaintiff suffered any injury until the takings claim has been adjudicated.[8] And because *Williamson County*, 473 U.S. at 194, re

[7] *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 (5th Cir. 2008) (quoting *Reno v. Catholic Social Servs.*, 509 U.S. 43, 57 n.18 (1993)).

[8] *See John Corp.*, 214 F.3d at 585-86 (distinguishing *Hidden Oaks v. City of Austin*, 138 F.3d 1036, 1045 n.6 (5th Cir. 1998), on the ground that there "plaintiffs asserted a violation of their procedural due process rights that inflicted an injury separate from any takings claim
(continued...)

7

No. 09-31110

quires that the takings claim be adjudicated "through the procedures the State has provided for doing so," we cannot decide the takings claim ourselves.[9]

We must therefore allow state takings procedures to run their course before we can adjudicate the procedural due process claim. Indeed, the state adjudication of the takings claim is likely to moot this case, allowing us to avoid the constitutional question whether notice is required before a taking under the Due Process Clause.[10] Conversely, a decision by this court that the church was entitled to the value of its demolished property would permit an end-run around *Williamson County*.[11] Finally, the church has not alleged that any hardship would result from allowing its state-court takings claim to run its course. Accordingly, we dismiss the procedural due process claim as unripe.

The judgment is REVERSED, and a judgment of dismissal without prejudice is RENDERED.

---

[8] (...continued)
that was dismissed prior to trial").

[9] *See John Corp.*, 214 F.3d at 585 ("Until the state courts have ruled on the plaintiff's inverse condemnation claim, this court cannot determine whether a taking has occurred . . . ." (quoting *Bigelow v. Mich. Dep't of Nat. Res.*, 970 F.2d 154, 160 (6th Cir. 1992))). The matter would be different if the city had waived or forfeited its right to have the takings claim litigated in state proceedings pursuant to *Williamson County*, but here the district court dismissed the takings claim as unripe pre-trial, and the church does not appeal that dismissal. The takings claim is therefore not before us.

[10] *See McInnis-Misenor v. Maine Med. Ctr.*, 319 F.3d 63, 70 (1st Cir. 2003) (noting that "[i]n the fitness inquiry [for ripeness] . . . prudential concerns focus[] on the policy of judicial restraint from unnecessary decisions"); *cf. Williamson Cnty.*, 473 U.S. at 195 n.14 ("Unlike the Due Process Clause . . . the Just Compensation Clause has never been held to require pretaking process or compensation.").

[11] *See Bigelow*, 970 F.2d at 160 (noting that the purpose of asserting the procedural due process claim in federal court is to "circumvent the ripeness requirement" for takings claims).