# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 2, 2013

No. 11-30947

Lyle W. Cayce
Clerk

BRENDA J. STEWARD,

Plaintiff–Appellant

v.

CITY OF NEW ORLEANS; WINSTON REID, Director, Code Enforcement
Bureau, City of New Orleans,

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-942

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

The City of New Orleans demolished Brenda Steward's home after it was declared blighted and a public nuisance. Steward sued, alleging that the demolition occurred without due process and that it was otherwise constitutionally and legally deficient. The City filed a motion to dismiss under Rule 12(c) or, alternatively, for summary judgment. The district court granted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30947

the City's motion and later denied Steward's motion for reconsideration. For the following reasons, we AFFIRM.

## Background

From September 23, 1975 to March 24, 2009, Brenda Steward owned a home located at 3221-23 Chartres Street in New Orleans, Louisiana. The structure suffered damage during Hurricane Katrina, and Steward was unable to complete renovations because she lacked sufficient funds. On January 14, 2009, the City scheduled Steward's home for a blight/code enforcement hearing to determine if the property should be declared blighted or a public nuisance under the relevant provisions of the City Code. Steward learned of the hearing when the *Times-Picayune* newspaper published notice of the hearing date.

Steward attended the hearing and informed City officers that she was waiting for Road Home funds to provide her the financial resources to renovate her home.[1] The City suspended the relevant administrative fines and rescheduled the hearing for sixty days later, on March 18. At the second hearing, Steward once again informed the officers that she was having financial difficulties and requested additional time to renovate her property to comply with the blight and public nuisance code provisions. The City again suspended the administrative fines and rescheduled the hearing for sixty days later, on May 20.

Instead of waiting for the next hearing, however, the City demolished Steward's home on March 24. Steward was given no notice of the demolition, nor was she given notice that the building was in imminent danger of collapse

---

[1] The Road Home program provides compensation to Louisiana homeowners affected by Hurricanes Katrina or Rita.

or that an emergency situation otherwise existed, which would have permitted demolition in the absence of her consent.

Steward sued the City in federal court under 42 U.S.C. § 1983, alleging various constitutional violations and Louisiana state law claims. On January 24, 2011, the City filed a motion to dismiss under Federal Rule of Civil Procedure 12(c), or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56. The district court scheduled a hearing for February 16, but Steward failed to file a motion in opposition at least eight days before the hearing, as required by the local rules. The district court therefore deemed the motion unopposed and granted the City's motion on February 11, five days before the hearing date. The order dismissing the case read as follows:

> Local Rule 7.5 of the Eastern District of Louisiana . . . requires that memoranda in opposition with citations of authorities be filed and served no later than eight days prior to the date set for hearing of the motion. No memoranda in opposition to the motion, set for hearing on February 16, 2011, has been submitted. Further, no one has filed a motion to continue the hearing or filed a motion for extension of time within which to oppose the motion. Accordingly, the motion is deemed unopposed, and, further, it appearing to the Court that the motion has merit,
>
> IT IS ORDERED that said motion is GRANTED.
>
> A motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty (30) days of this order. The motion must be accompanied by opposition memoranda to the original motion.

(emphasis omitted).

Steward then timely filed a motion for reconsideration. In the motion, Steward's counsel explained that the failure to respond resulted from staffing turnover and incorrectly calendared deadlines. Steward's counsel alleged that he had planned to propose a continuance at the February 16 hearing and had

hoped to do so jointly with agreement of the opposing counsel. As required, the motion for reconsideration included a statement of contested material facts and an opposition memorandum to the original motion to dismiss. The district court denied Steward's motion for reconsideration on August 30, 2011, and Steward timely appealed.

## Discussion

We note at the outset the ambiguity surrounding the order we review. The district court did not specify whether it was granting the City's Rule 12(c) motion for dismissal or the alternative Rule 56 motion for summary judgment. Additionally, the brevity of the court's order obscures its underlying justification. For example, it is not clear whether the district court improperly disposed of the case as a sanction for Steward's failure to timely file an opposition memorandum, or simply deemed the motion unopposed and then properly made a decision on the papers before it. *See, e.g.*, *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam) ("We have recognized the power of district courts to adopt local rules requiring parties who oppose motions to file statements of opposition. But we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." (internal quotation marks omitted)); *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985) ("We construed the local rule to empower the district court to decide an unopposed motion on the papers before him, but not to relieve the court of the obligation to consider both the record and briefs." (internal quotation marks omitted)). The court also set a misleading thirty-day deadline for Steward to file her motion for reconsideration. A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within twenty-eight days after the original judgment. Steward, in compliance with the court's order, filed her motion thirty days

after the judgment. Because this was outside of Rule 59(e)'s twenty-eight-day deadline, Steward's motion was treated as a motion for relief from judgment under Rule 60(b), which imposes a harsher standard. These examples reveal a troubling lack of clarity in the district court's disposition of this case, but we nonetheless affirm the district court because Steward's claims are unripe for review.

Steward first argues that the City's destruction of her home amounted to a taking without just compensation. A takings claim is generally not ripe for review until the claimant has sought and been denied just compensation through the appropriate state procedures. *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985). Steward acknowledges that her takings claim is not ripe under the traditional analysis but contends that her claims fall under an exception to this rule. Steward argues that she is not required to go through condemnation proceedings if such action would be futile or inadequate. *See Liberty Mut. Ins. Co. v. La. Dep't of Ins.*, 62 F.3d 115, 117 (5th Cir. 1995). In particular, she argues that a judgment rendered against the City in state court is essentially unenforceable and uncollectible unless and until the City decides it will appropriate funds to pay the judgment. Steward does not deny, however, that Louisiana provides a cause of action for inverse condemnation, *see Jackson Court Condos., Inc. v. City of New Orleans*, 874 F.2d 1070, 1082 (5th Cir. 1989), nor does her speculative statement provide any details as to whether the City would refuse payment in her case should she establish an entitlement to it. As a result, Steward is unable to meet her burden of showing that it is "certain that the state *would* deny [her] compensation were [s]he to undertake the obviously futile act of seeking it." *Samaad v. City of Dall.*, 940 F.2d 925, 934 (5th Cir. 1991), *abrogated on other grounds as recognized in Rosedale Missionary Baptist*

No. 11-30947

*Church v. City of New Orleans*, 641 F.3d 86, 88–89 (5th Cir. 2011). Her takings claim is therefore unripe for adjudication.

Steward next argues that even if her takings claim is unripe, her other claims should be adjudicated because they are separate and distinct from the takings claim. This argument is foreclosed by *Rosedale Missionary Baptist Church v. City of New Orleans*, 641 F.3d 86 (5th Cir. 2011). In *Rosedale*, a church sued the City of New Orleans for destroying its building without notice and alleged a takings claim as well as procedural and substantive due process violations. *Id.* at 87–88. The due process claims went to trial, and the jury found that the City had violated the church's "Fifth or Fourteenth Amendment constitutional rights." *Id.* On appeal, the City argued that the due process claims, like the takings claim, were unripe for review. *Id.* Relying on *John Corp. v. City of Houston*, 214 F.3d 573 (5th Cir. 2000), this court stated the following:

> *John Corp.*, like the instant case, was brought by a plaintiff alleging that it was not provided sufficient process before the state demolished its property. *John Corp.*, 214 F.3d at 585. We held that "it will only be when a court may assess the takings claim that it will also be able to examine whether [the owner of the demolished property was] afforded less procedure than is constitutionally required." *Id.* Until then, "additional factual development is necessary." *Id.* at 586. The reason is that, where the injury that resulted from an alleged procedural due process violation is merely a taking without just compensation, we cannot know whether the plaintiff suffered any injury until the takings claim has been adjudicated. And because *Williamson County* . . . requires that the takings claim be adjudicated "through the procedures the State has provided for doing so," we cannot decide the takings claim ourselves.

*Id.* at 91. We reached this result because resolving the due process claim and determining that the church was entitled to the damages it sought—the value

of the demolished property—would permit an end-run around the requirement that the party first pursue compensation through state procedures. *Id.*

Steward faces the same problem as the church in *Rosedale*. All of her claims are based on the City's failure to provide pre-demolition notice, which she alleges led to the demolition of the house. As a result, she seeks damages for "the value of the improvements demolished; the cost of replacing the demolished structure; lost personal property contained in the house; attorneys fees; and costs." Just as in *Rosedale*, the injury she is alleging is "merely a taking without just compensation," and the court "cannot know whether [she] suffered any injury until the takings claim has been adjudicated." 641 F.3d at 91. Steward must attempt to get compensation through the state, and until she does, any review of her case or award of damages would be premature.

Steward attempts to distinguish her case from *Rosedale* by arguing that, unlike the church in that case, she has a valid substantive due process claim that is ripe for review. We will allow a substantive due process claim to proceed, even though the takings claim brought with it is unripe, if the substantive due process claim is sufficiently independent of the takings claim as not to be "subsumed" by it. *See John Corp.*, 214 F.3d at 581–83. To determine whether a substantive due process claim is sufficiently independent, "a careful analysis must be undertaken to assess the extent to which a plaintiff's substantive due process claim rests on protections that are also afforded by the Takings Clause." *Id.* at 583. In *John Corp.*, the plaintiff challenged the constitutionality of the laws providing authority for the demolition, and we held that claim to be sufficiently independent because it invoked the protections of the Due Process Clause, not the Takings Clause. *Id.* at 585. Here, Steward has not alleged any facts to support her substantive due process claim to separate it from her takings or procedural due process claims.

No. 11-30947

She alleges that the City demolished her property while acting under color of state law, depriving her "of property without due process of law in violation of the Fifth and Fourteenth Amendments." To the extent this even alleges a violation of substantive due process, it is simply a takings claim under a substantive due process label. None of the claims Steward asserts, including the substantive due process claim, is sufficiently independent from the takings claim to stand on its own.

**Conclusion**

Because Steward has not yet sought compensation through the appropriate state procedures, her takings claim is unripe for adjudication. Steward's other claims are not sufficiently independent of the takings claim as not to be subsumed by it. As a result, those claims are also unripe for adjudication. We therefore AFFIRM the district court. We note, however, that the district court did not declare whether its disposition of the case was intended to be with or without prejudice. Given the nature of the claims involved, the appropriate disposition of this case is a dismissal without prejudice. *See, e.g.*, *Rosedale*, 641 F.3d at 91 (finding the claims unripe for review and, consequently, reversing the district court's judgment and rendering "a judgment of dismissal without prejudice"). We construe the district court's decision to be consistent with this result and clarify that our affirmance of the dismissal of Steward's claims is without prejudice to her right

to return to federal court and pursue those claims if she should be denied just compensation from the state.[2]

---

[2] This includes any potential claim for personal property. Though Steward included in the damages section of her complaint "lost personal property contained in the house," her factual allegations and specific claims relate only to the deprivation of real property. If Steward wishes to specifically allege a loss of personal property, she may do so without prejudice.