# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31170

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2015

Lyle W. Cayce
Clerk

MARK MOREHOUSE,

Plaintiff - Appellant

v.

EDWARD R. JACKSON; JAMES A. SMITH; BURL CAIN; CHATMAN H. REED; DAVID L. DUPLANTIER; G. LEE GRIFFIN; ROSA B. JACKSON; ROXIE F. GOYNES-CLARK; JOHN MCLURE,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana

Before CLEMENT, PRADO, and ELROD, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:\*

Plaintiff-appellant Mark Morehouse ("Morehouse") appeals from the district court's judgment in favor of defendants-appellees, and its denial of his motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). For the reasons explained below, we VACATE the district court's order and REMAND with instructions to dismiss Morehouse's complaint.

---

\* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-31170

## FACTS AND PROCEEDINGS

Morehouse worked for the Southern University ("Southern") Police Department (the "Department") at Southern's Baton Rouge campus. The Department dismissed Morehouse on January 2, 2004, based on allegations that he failed to report for work during several of Southern's football games in the fall of 2003. Morehouse appealed to Louisiana's Civil Service Commission (the "Commission") on January 17, 2004.[1] The Commission assigned the case to Referee Roxie F. Goynes ("Goynes"). Goynes conducted a trial, but before she entered a decision, she questioned sua sponte whether Morehouse had obtained permanent civil servant status prior to his termination. In February 2006, Goynes held that Morehouse had not obtained permanent status, and in March 2006, she dismissed his appeal.

After the Commission denied Morehouse's petition for review, Morehouse appealed to the Louisiana Court of Appeal, First Circuit. That court reversed Goynes's decision, holding that Morehouse had obtained permanent status, and ordered the Commission to conduct a hearing to determine whether the Department had cause to fire him. *See Morehouse v. S. Univ., Baton Rouge Campus*, 961 So. 2d 473, 480 (La. Ct. App. 2007), *review denied*, 964 So. 2d 333 (La. 2007).

On remand, Goynes recused herself from the case, and the Commission referred the dispute to Referee Paul St. Dizier ("St. Dizier"). In February 2008, St. Dizier held that the Department had legal cause to dismiss Morehouse, and that termination was commensurate with his offenses. St. Dizier also held that he did not have jurisdiction to consider Morehouse's constitutional claims. The

---

[1] The Commission has "exclusive original jurisdiction to adjudicate removal and disciplinary cases" involving civil service employees, "with the attendant power to appoint referees to hear and decide cases." *La. Dep't of Agric. & Forestry v. Sumrall*, 728 So. 2d 1254, 1256 (La. 1999); *see* La. Const. art. 10, § 12 (vesting power over these disputes in Commission).

No. 14-31170

Commission adopted St. Dizier's decision in June 2008. Morehouse again appealed to the Louisiana Court of Appeal, First Circuit, which affirmed the Commission's decision. *See Morehouse v. S. Univ.*, *Baton Rouge Campus*, No. 2008 CA 1943, 2009 WL 839030, at *6 (La. Ct. App. Mar. 27, 2009), *review denied*, 10 So. 3d 737 (La. 2009).[2]

In October 2006, while his state proceeding was still pending, Morehouse filed a federal complaint against the defendants-appellees (collectively, the "Officials"). In Morehouse's second amended complaint, he alleged that the Officials had violated his state and federal rights to substantive and procedural due process. Morehouse sought, *inter alia*, a declaratory judgment that the Officials violated his state and federal substantive and procedural due process rights; an order that the Officials reinstate him; and an order remanding his case to the Commission for its consideration of his claims to back pay and related benefits.[3]

The Officials filed a combined motion to dismiss and for summary judgment, and a supplemental combined motion. The district court granted the motions for summary judgment. Morehouse filed a motion to alter or amend the judgment under Rule 59(e), which the court denied as "an effort to relitigate matters that were resolved to Morehouse's dissatisfaction."

We questioned sua sponte whether this case was moot and directed the parties to submit letter briefs addressing the issue.

---

[2] Even assuming St. Dizier erred by failing to address Morehouse's due process claims, Morehouse could have re-asserted those claims before the Louisiana court of appeal. *See Harris v. Dep't of Police*, 125 So. 3d 1124, 1128 (La. Ct. App. 2012) (holding that Louisiana courts of appeal can consider due process claims on appeal from Commission's determination, even if those claims were not raised before Commission). The Louisiana Court of Appeal, First Circuit, never addressed substantive or procedural due process in its opinion affirming the Commission's finding of cause, which suggests that Morehouse failed to raise those claims. *See Morehouse*, No. 2008 CA 1943, 2009 WL 839030.

[3] Morehouse also sought costs and fees.

3

No. 14-31170

## STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014), and its denial of a motion for reconsideration under Rule 59(e) for abuse of discretion, *U.S. Bank Nat'l Ass'n v. Verizon Comm'ns, Inc.*, 761 F.3d 409, 428 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1430 (2015). We have a responsibility to address mootness sua sponte even though neither party raises the issue. *United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011).

## DISCUSSION

### I.

"It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011) (quoting *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997)). "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). "A case should not be declared moot '[a]s long as the parties maintain a "concrete interest in the outcome" and effective relief is available to remedy the effect of the violation.'" *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (alteration in original) (quoting *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998)). "But a case will become moot where 'there are no longer adverse parties with sufficient legal interests to maintain the litigation' or 'when the parties lack a legally cognizable interest in the outcome' of the litigation." *Id.* (quoting *In re Scruggs*, 392 F.3d 124, 128 (5th Cir. 2004)).

Mootness turns on the particular forms of relief requested by the parties. For example, where a plaintiff could have requested damages, but requested injunctive relief alone, the claim is moot when injunctive relief becomes

unavailable. *See H.K. Porter Co. v. Metropolitan Dade County*, 650 F.2d 778, 782 (5th Cir. Unit B July 1981) (explaining that "[a] damage claim . . . could have saved this action from mootness," but holding that case was moot because plaintiff failed to request damages).[4]

## II.

Morehouse argues that Goynes's decision contradicted this court's precedent and had no other legal basis. He contends that, by entering her allegedly erroneous opinion, she violated his federal substantive due process rights. We hold that Morehouse's federal substantive due process claim is moot.

Morehouse filed his federal complaint on October 6, 2006. The Louisiana Court of Appeal, First Circuit reversed Goynes's decision on May 4, 2007. Once the Louisiana court reversed Goynes's decision, it no longer had any effect on Morehouse.[5]

We dismiss Morehouse's federal substantive due process claim for lack of jurisdiction.

## III.

Morehouse argues that the Commission's failure to provide a timely post-termination hearing violated his federal procedural due process rights. We hold that this claim is also moot.

---

[4] "Unit B cases are precedent in the Fifth Circuit." *United States v. Rojas-Martinez*, 968 F.2d 415, 420 n.11 (5th Cir. 1992).

[5] Even an expired court order might have ongoing effects. *Cf. Juvenile Male*, 131 S. Ct. at 2864 (holding that expired juvenile sentence could have collateral effects such that challenge to sentence was not moot). But the complaining party has the burden to identify the ongoing injury, and to show that the injury is redressable by a favorable judicial decision. *See id.* Morehouse fails to satisfy this burden.

No. 14-31170

A.

The Commission held that Southern terminated Morehouse for cause, and that his punishment was commensurate with his offense. The Commission's judgment was affirmed on review in the Louisiana courts. "Morehouse does not seek to relitigate the issue of cause for his termination," and he "concedes that this issue has now been decided." Moreover, except for the timeliness issue, Morehouse has not alleged any constitutional defects in the hearings conducted by St. Dizier that led to the Commission's cause finding. Because Morehouse concedes that his termination was justified, his injuries must flow purely from the alleged denial of procedural due process.

When a plaintiff receives a constitutionally satisfactory post-termination hearing, and it is clear that the plaintiff's dismissal "would ultimately have occurred absent procedural defects," the plaintiff "is not entitled to reinstatement," *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cnty., Tex.*, 752 F.2d 1063, 1071 & n.9 (5th Cir. 1985), or to back pay and related benefits, *Wilson v. Taylor*, 658 F.2d 1021, 1035 (Former 5th Cir. 1981); *accord Hill v. City of Pontotoc, Miss.*, 993 F.2d 422, 425 (5th Cir. 1993) (noting that *Wilson* and other cases provide that "plaintiffs may not recover back pay, even for the period between the deprivation and the validating hearing").[6]

Considering Morehouse's concession that his termination was justified, and his failure to challenge the fairness of his post-termination hearing, we

---

[6] In *Wheeler*, the court held that courts could award backpay "during the period between dismissal and the date of the post-termination procedures." 752 F.2d at 1070. This holding was in direct conflict with *Wilson*, 658 F.2d at 1035, a tension we noted but chose not to resolve in *Hill*, 993 F.2d at 425 & n.2. We apply the "firm rule of this circuit that we cannot disregard the precedent set by a prior panel," and that, "when a panel is confronted with two contradictory holdings," the prior case controls. *Wilson*, 658 F.2d at 1034-35. *Wilson* was issued prior to *Wheeler*, and *Wilson* thus controls.

No. 14-31170

hold that he is not entitled to reinstatement under federal law, or to backpay and related benefits.

B.

Accordingly, all that remains of Morehouse's procedural due process claim is his request for a declaration that the Officials violated his procedural due process rights.

1.

Morehouse filed his first amended complaint on October 15, 2007. St. Dizier issued his opinion affirming Morehouse's termination on February 27, 2008. Once Morehouse received a constitutionally sufficient hearing and a disposition of his appeal, the alleged due process injury was a thing of the past. Morehouse could have sought damages for the past violation, *Hill*, 993 F.2d at 425, but he chose not to do so. Thus, a declaratory judgment could not now give him relief in the underlying proceeding. *Cf. County of Riverside v. McLaughlin*, 500 U.S. 44, 48, 51 (1991) (explaining that the requests of inmates for declaratory relief—who were arrested without warrants and held without a prompt probable cause hearing—were moot because, by the time their case came up for appeal, "they [had] either received probable cause determinations or were released").

2.

In his letter brief, Morehouse argues that the case is not moot because a declaratory judgment "would allow him to recover his lost wages" in a future state court action based on state law. Like the issue of mootness, we may question ripeness sua sponte. *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 90-91 (5th Cir. 2011).

To the extent Morehouse depends on a future state court proceeding to show that his declaratory judgment claim is justiciable, we hold that his claim is not ripe. Morehouse has not yet filed a state court action. And even if he does

No. 14-31170

file such a claim, it will probably be barred by res judicata. *See* La. Res. Stat. § 13:4231(2) (providing that "all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished"). Because there is no pending state court action, and because it does not appear that Morehouse would have a right to relief in Louisiana state court, Morehouse fails to "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Cf. Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (holding that declaratory judgment action was ripe where state action was pending, and state law gave party the right to sue the other)

## C.

Morehouse concedes that Southern had cause to fire him, but he argues that the Officials took too long to give him the hearing and decision he deserved. Thus, he alleges a purely past violation of his procedural due process rights. We agree with the district court that a years-long hiatus between a termination and a post-termination disposition is far from ideal. But Morehouse failed to request any form of relief that would remedy the alleged past violation. And his declaratory judgment claim is not ripe.

Accordingly, we dismiss Morehouse's federal procedural due process claim for lack of jurisdiction.

## IV.

Because we dismiss Morehouse's federal due process claims, we must dismiss his state substantive and procedural due process claims. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining that "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety," including "pendent state-law-claims"). We dismiss those claims for lack of jurisdiction.

No. 14-31170

## CONCLUSION

Because Morehouse's claims are now moot or unripe, we VACATE the district court's judgment and order, and REMAND with instructions to dismiss his complaint without prejudice for lack of jurisdiction.[7]

---

[7] *See H.K. Porter*, 650 F.2d at 783 n.9 (explaining that this is the proper remedy where the district court entered judgment in a moot case).