# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2015

Lyle W. Cayce
Clerk

————

No. 15-30134

————

PROGRESSIVE WASTE SOLUTIONS OF LA, INCORPORATED, formerly known as IESILA Corporation,

Plaintiff - Appellant

v.

LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT,

Defendant - Appellee

Consolidated with 15-30147

PROGRESSIVE WASTE SOLUTIONS OF LA, INCORPORATED,

Plaintiff

v.

LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT,

Defendant - Third Party Plaintiff - Appellant

v.

RECYCLING FOUNDATION, INCORPORATED,

Third Party Defendant - Appellee

No. 15-30134 cons/w No. 15-30147

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CV-851

Before BENAVIDES, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

These consolidated appeals arise out of a challenge to an ordinance passed by the Lafayette City-Parish Consolidated Government (the "LCG"), which prevented the construction of future solid-waste transfer facilities in Lafayette Parish. At the time that the ordinance at issue was passed, Progressive Waste Solutions of LA, Inc. ("Progressive") had already entered into a lease agreement to operate a waste transfer facility in Lafayette Parish. Although the facility had not yet been built, the company from which Progressive agreed to lease the facility had obtained a building permit for its construction. The LCG's ordinance had the effect of revoking that building permit. Progressive brought suit against the LCG pursuant to 42 U.S.C. § 1983, raising federal constitutional takings, due process, and equal protection claims, as well as Louisiana state law claims for tortious interference with property rights, takings, due process, general civil tort, tortious interference with a contract, and detrimental reliance. Separately, the LCG then sued The Recycling Foundation, Inc., the provider of recycling services in the City of Lafayette, alleging a duty to defend and indemnify the LCG from Progressive's lawsuit, pursuant to an indemnity provision in The Recycling Foundation's contract with the LCG. The district court granted the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30134 cons/w No. 15-30147

LCG's motion to dismiss and alternative motion for summary judgment in Progressive's suit, and Progressive appeals.  The district court also granted The Recycling Foundation's motion to dismiss the LCG's suit for defense and indemnity, and the LCG appeals that decision.

After having the benefit of oral argument and thoroughly reviewing the briefs, the record, and the applicable law, we conclude that the district court did not err in granting the LCG's motion to dismiss and alternative motion for summary judgment in the suit filed by Progressive.  Progressive's federal takings claim is unripe because Progressive has not been denied just compensation through state procedures, *see Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 & n.13 (1985), and we cannot rule on Progressive's federal due process claim because that claim is not sufficiently independent of Progressive's federal takings claim, *see Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 91 (5th Cir. 2011).  Progressive's equal protection claim fails because Progressive's complaint does not adequately allege that the ordinance treats it differently from any similarly situated party.  *See Beeler v. Rounsavall*, 328 F.3d 813, 816-17 (5th Cir. 2003).  Progressive has forfeited its state-law claims by failing to brief their merits on appeal.  *See Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009).  We need not consider the district court's alternative bases for finding Progressive's various arguments lacking.

The district court also did not err in granting The Recycling Foundation's motion to dismiss the LCG's suit for defense and indemnity.  Progressive's suit against the LCG is not sufficiently connected to The Recycling Foundation's contract with the LCG to trigger that contract's indemnity provision.

Accordingly, the district court's judgments on both of the appeals now before us are AFFIRMED.

3