# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60289

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2019

Lyle W. Cayce
Clerk

SHARON PETERS,

> Plaintiff – Appellant,

v.

FRED'S STORES OF TENNESSEE, INCORPORATED, doing business as
Fred's Super Dollar,

> Defendant – Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:16-CV-167

Before REAVLEY, ELROD, and WILLETT, Circuit Judges.

PER CURIAM:*

Sharon Peters appeals the district court's grant of summary judgment in favor of Fred's Stores of Tennessee on her premises liability cause of action. We AFFIRM.

On the evening of November 5, 2014, Peters stopped into Fred's to make a purchase. She walked to the back of the store, picked up two 2-liters of cola,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and headed back towards the store's front. While walking through the apparel section, Peters slipped and fell on something. Although Peters cannot identify the item that caused her to slip, she alleges it was "something plastic." Lane Hunkapillar, the assistant manager on duty, immediately came to her assistance. Peters alleges that Hunkapillar picked up a plastic item, snapped it in two, and placed it in his shirt pocket. After gathering her bearings, Peters completed her shopping and left the store. Peters went to the emergency room that night, and later had knee surgery.

Peters sued Fred's for injury-related damages on a theory of negligence. Her complaint noted that Fred's appeared to be in a state of general disarray due to remodeling and ongoing Christmas preparations, and alleged that Fred's was negligent in failing to properly maintain its store and in failing to discover or remove the item on which she slipped. Fred's later removed to federal court and filed for summary judgment, arguing that Peters could not (1) demonstrate that Fred's was negligent in causing her injury; (2) show that Fred's had actual knowledge of a dangerous condition; or (3) show that a dangerous condition existed for a sufficient amount of time to impute constructive knowledge to Fred's. The district court granted summary judgment for Fred's, and Peters timely appealed.

We review a summary-judgment ruling *de novo*. *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009). "Summary judgment is proper when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id.* (citing FED. R. CIV. P. 56(c)).

We apply Mississippi law in this premises-liability case. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that

No. 18-60289

duty." *Wood*, 556 F.3d at 275 (citing *Massey v. Tingle*, 867 So.2d 235, 239 (Miss. 2004)).

Peters was a business invitee. Consequently, Fred's owed "a duty to exercise ordinary care to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care." *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (Miss. 2000) (quoting *Waller v. Dixieland Food Stores, Inc.*, 492, So. 2d 283, 285 (Miss. 1986)). "When the dangerous condition is traceable to the proprietor's own negligence, no knowledge of its existence need [be] shown." *Id.* Thus, Mississippi law affords plaintiffs three routes to recover in a slip-and-fall case:

> Simply put, in order for a plaintiff to recover in a slip-and-fall case, he must (1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

*Id.* (citing *Downs v. Choo*, 656 So. 2d 85, 86 (Miss. 1995)); *see also Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). We address each in turn.

Under the first theory, Peters must demonstrate that some negligent act of Fred's caused her injury. *See Anderson*, 771 So.2d at 918. To do so, she must show "that the dangerous condition was the result of an affirmative act of the proprietor." *Lindsey*, 16 F.3d at 618. Peters asserts the store was in disarray due to Christmas preparations and that, distracted by those preparations, Fred's employees failed to ensure the floor was clear of debris. Peters also directs us to evidence showing that the area in which she slipped was prone to debris and falling items. Indeed, Sheri Glenn, the store manager at this

3

particular location, testified that she had encountered problems with items on the floor in the very area in which Peters fell.

But Peters does not know what caused her fall. Although she surmises that she might have slipped on a piece of plastic, she testified explicitly that she had "no idea" what she slipped on, how long it was on the floor, or how whatever she slipped on came to be there. This is problematic for Peters, as Mississippi courts require slip-and-fall plaintiffs to identify the item that caused their fall. *See, e.g.*, *Rod v. Home Depot USA, Inc.*, 931 So. 2d 692, 695 (Miss. Ct. App. 2006) (affirming summary judgment where plaintiff alleged that she slipped on a pallet but later testified that she did not know what caused her fall); *Byrne v. Wal-Mart Stores, Inc.*, 877 So. 2d 462, 465–66 (Miss. Ct. App. 2003) (affirming summary judgment where plaintiff thought she slipped on a cookie but later testified that she did not get a good look at the item, did not know how long it was on the floor, and did not know how it came to be there); *Haggard v. Wal-Mart Stores, Inc.*, 75 So. 3d 1120, 1125 (Miss. Ct. App. 2011); *see also Smithy v. Kroger Co., Inc.*, No. 1:17-CV-00205-GHD-DAS, 2018 WL 3384305, at *2 (N.D. Miss. July 11, 2018) ("Mississippi law requires that a plaintiff identify the specific dangerous condition which caused his or her fall. Mississippi appellate courts have consistently affirmed grants of summary judgment where a plaintiff could not affirmatively and decisively state the cause of her fall."). Given Peters' explicit concession that she does not know what she slipped on or how it came to be on the floor, Peters cannot demonstrate that the object which caused her fall was the result of an affirmative act by Fred's. And, even assuming that Fred's was undergoing Christmas preparations at the time of Peters' fall—a disputed fact— speculation as to whether Fred's employees were distracted as a result cannot supply the factual support necessary to create a genuine issue of material fact. *See Frazier v. McDonald's Restaurants of Miss., Inc.*, 102 So. 3d 341, 346 (Miss.

No. 18-60289

Ct. App. 2012) (noting that "speculation as to what caused the accident could not supply the factual support necessary to show a genuine issue of material fact"). Indeed, Peters recognizes that her arguments "might be considered slightly speculative in nature."

In addition, Glenn testified that Fred's assistant managers were required to check the floors every evening for debris or fallen items. Consistent with that policy, Hunkapillar, the assistant manager on duty, testified that he knew he would have been zoning around the time of Peters' fall, that he would have completed zoning the apparel area, and that he noticed nothing dangerous in the apparel section in the time before Peters' fall.[1] Thus, the record shows that Fred's took reasonable precautions to prevent patrons from falling in the apparel section. *See Bonner v. Imperial Palace of Miss., LLC*, 117 So. 3d 678, 686 (Miss. Ct. App. 2013) (affirming summary judgment under this theory where premises owner "took reasonable precautions to prevent patrons from slipping on food" and there was no evidence that the plaintiff or employees "knew how the grape and/or liquid came to be on the floor"). We thus conclude that Peters cannot prevail under the first theory.

The other two theories—whether Fred's had actual or constructive knowledge of a dangerous condition—are of no help to Peters. *Anderson*, 771 So.2d at 918. First, Peters has produced no evidence that Fred's had actual knowledge of the unidentified item that she slipped on; to the contrary, she alleges that Fred's failed to discover a dangerous condition. Second, Peters

---

[1] Peters argues that whether Hunkapillar zoned the floor is unclear, pointing to his testimony that, "it's been so long I don't remember." The testimony cited by Peters, however, goes to whether Hunkapillar had completed zoning the entire store: "As far as how far I got I don't - - I'm fairly certain I would have been done with the store by that point but it's been so long I don't remember." Instead, Hunkapillar testified that he "knew [he] would've been zoning at that time," and that, by the time of Peters fall, he would have cleared the area in which she fell.

No. 18-60289

cannot show constructive knowledge, which "is present where, based on the length of time that the condition existed, the operator exercising reasonable care should have known of its presence." *Drennan v. Kroger Co.*, 672 So. 2d 1168, 1170 (Miss. 1996). Given Peters' testimony that she does not know how long the item had been on the floor, she cannot possibly show that it was on the floor long enough such that Fred's should have known of its existence. We thus agree with the district court that summary judgment was proper.[2]

AFFIRMED.

---

[2] Peters additionally argues that Fred's engaged in spoliation by destroying the item on which she slipped and in failing to preserve video evidence. Because she did not develop this argument in the district court, we do not address it. *See Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 89 (5th Cir. 2011).