# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20006
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2014

Lyle W. Cayce
Clerk

DONGSHENG HUANG,

Plaintiff - Appellant

v.

ADMINISTRATIVE REVIEW BOARD, UNITED STATES DEPARTMENT OF
LABOR; THOMAS E. PEREZ, SECRETARY, DEPARTMENT OF LABOR,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-35

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Dongsheng Huang, proceeding pro se, challenges the decision of the
Department of Labor's Administrative Review Board awarding him
approximately $180,000 in damages, including interest, for labor violations
and retaliation by his former employer.  He claims that he is entitled to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-20006

damages in excess of $5 million. The district court dismissed his claims; for the following reasons, we AFFIRM the judgment of the district court.

## I.    Factual and Procedural Background

Dongsheng Huang is a citizen of China. On July 12, 2005, Ultimo Software Solutions, Inc. ("Ultimo") offered Huang employment in the United States under the H-1B visa provision. *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b). Huang entered the United States on March 22, 2006, and moved into housing in California provided by Ultimo. On June 4, 2006, Ultimo required Huang to relocate to Houston, Texas, at Huang's expense (except for air travel).

On October 16, 2006, Huang complained to the Department of Labor ("DOL") by telephone, and again in writing on April 24, 2007, that Ultimo was failing to provide him sufficient productive work or pay him salary or benefits as promised, in violation of his H-1B Labor Condition Application.[1] *See* 8 U.S.C. § 1182(n); 20 C.F.R., Chapter V, Pt. 655, Subpart. I (governing the enforcement of H-1B Labor Condition Applications). When the DOL investigated, it did not find Huang's name listed as one of Ultimo's H-1B visa employees. Huang gave the DOL permission to release his name to Ultimo as part of the investigation. The DOL Wage & Hour Administrator found that Ultimo had not paid Huang from March 22, 2006 (when Huang arrived in the United States), until June 4, 2006 (when Ultimo required Huang relocate to Houston). The DOL concluded that Huang's move to Houston effectively terminated his employment with Ultimo. The DOL ordered Ultimo to pay Huang back wages of $11,744.48. In relaying this decision to Huang, the DOL incorrectly informed him that his H-1B visa had already been canceled. Huang

---

[1] Huang's complaint accused Ultimo of engaging in "benching"—offering an employee full-time employment under the H-1B visa program but not giving him productive work. Federal law provides that an employer may not fail to pay an H-1B employee the promised salary during periods when the employee is not given productive work. 8 U.S.C. § 1182(n)(2)(C)(vii)(I)

sought whistleblower protection as a result. *See* 8 U.S.C. § 1182(n)(2)(C)(iv). Ultimo did not contest the DOL Wage & Hour Administrator's decision.

Huang challenged the decision and asked for a hearing before the Administrative Law Judge ("ALJ"), claiming that he was entitled to greater compensation. Huang asked the ALJ to find that: (1) he was paid an improperly low wage; (2) Ultimo had provided false responses to interrogatories and offered false documents into evidence; (3) Ultimo had retaliated against Huang, violating his whistleblower protection by sending a visa revocation request after learning about his complaint to the DOL and its investigation; and (4) Ultimo was liable for wages, benefits, living and travel expenses, causing emotional distress, submitting false documents, and discovery misconduct.

Following a two-day hearing in August 2008, the ALJ found that Huang was still employed by Ultimo following his relocation to Houston and that Huang was owed back-pay through July 12, 2007, the date that Ultimo sought to cancel his H-1B visa. The ALJ also determined that Ultimo had retaliated against Huang and violated the terms of Huang's LCA. The ALJ awarded Huang $144,158.89 for back-pay, health benefits, 401(k) contributions, litigation costs, and travel expenses. However, the ALJ declined to award compensatory damages for Huang's alleged medical problems resulting from the stress of his dispute with Ultimo because there was insufficient evidence in the record to support Huang's claim for damages. The ALJ also found no legal basis supporting a punitive damages award. Huang and Ultimo both appealed the ALJ's decision to the Administrative Review Board ("ARB") of the DOL. The ARB affirmed the decision of the ALJ. Huang filed a petition to reconsider, which the ARB denied.

The ALJ ordered the Wage & Hour Administrator to calculate pre- and post-judgment interest; the Administrator found that Ultimo owed $37,632.46

in interest.   Huang opposed this calculation, arguing that the Wage & Hour Administrator used the wrong interest rate.  The Wage & Hour Administrator responded that it had calculated the interest according to the ALJ's order.  The ALJ affirmed the Wage & Hour Administrator's interest calculation and ordered Ultimo to pay Huang.  Huang moved for reconsideration, but the motion was denied.  Huang then petitioned the ARB for review of the ALJ's interest award.  The ARB declined to accept Huang's petition for review, and the ALJ's decision became final and reviewable on May 30, 2012.

On January 5, 2012, before the proceedings before the ARB ended, Huang brought this lawsuit against the ARB in federal district court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06.  The district court stayed the case until the administrative action was final.  On May 30, 2012, the stay was lifted, and Huang filed his first amended complaint on July 23, 2012.  The ARB moved to dismiss Huang's complaint; the district court granted the motion and dismissed the case with prejudice on the ground that Huang had failed to join an indispensable party under Federal Rule of Civil Procedure 12(b)(7) and had failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Huang moved for reconsideration of the order, but the district court denied the motion, finding that the motion presented the same legal arguments that the court had addressed in its order dismissing the case.  Huang timely appealed to this court.

## II.     Standard of Review

We review a district court's order granting a motion to dismiss de novo. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012).  The final decision of the ARB must be affirmed unless it is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, or unless the decision is not supported by substantial evidence.  *See* 5 U.S.C. § 706(2)(A); *Macktal v. U.S. Dep't of Labor*, 171 F.3d 323, 326 (5th Cir. 1999).

No. 14-20006

## III.  Analysis

Huang argues that the ALJ erred by failing to: (1) award damages for employee benefits; (2) award damages based on an expected annual salary raise; (3) award damages for front-pay; (4) expunge allegedly false records relating to Huang's Ultimo employment; (5) award compensatory damages for pain, suffering, humiliation, and depression; (6) award punitive damages; (7) award a tax enhancement; and (8) properly calculate pre- and post-judgment interest.[2] Huang also argues that the ARB, in affirming the ALJ's decision, failed to award his appellate costs.  None of these arguments have merit.

Before addressing the merits, we briefly address Huang's assertion that the district court erred in granting the motion to dismiss because the district court failed to limit its review to the contents of the pleadings.  While a district court is typically limited to reviewing the pleadings and attachments thereto, *see* Fed. R. Civ. P. 12(b)(6), the court may also consider documents that a defendant attaches to a motion to dismiss when those documents "are referred to in the plaintiff's complaint and are central to [his] claim," *see Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (citation

---

[2] Huang also raises a number of other challenges that will not be considered.  He challenges the district court's order denying reconsideration of its order granting the motion to dismiss.  Because we affirm the district court's order granting the motion to dismiss, which is reviewed de novo, we need not consider the order denying reconsideration, which was premised on the same arguments and facts and is reviewed under the lower abuse of discretion standard. *See LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005).  Huang also challenges the district court's ruling that dismissal was proper under Rule 12(b)(7).  However, because we affirm the judgment of the ALJ on other grounds, we need not consider this argument.  Next, Huang appeals the district court's order denying his motion to strike the ARB's response brief because it was filed one day late.  Huang has not shown how he was prejudiced by this tardy filing, so any error in denying the motion to strike would be harmless. *See Howard v. Gonzales*, 658 F.2d 352, 357 (5th Cir. 1981).  Finally, Huang claims that Ultimo committed misconduct during the administrative proceedings and asks this court to "punish" Ultimo.  Because Huang does not explain how he was prejudiced by this misconduct, or provide a legal basis through which we may "punish" Ultimo, we decline to do so.

and internal quotation marks omitted).  In attaching these documents, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."  *Id.* at 499.  Here, Huang's claims are related to the ALJ's order and the evidence presented to the ALJ during the administrative proceedings.  While Huang did not attach these documents to his complaint (although he did attach some), he expressly referenced these documents in the body of his complaint by challenging the basis for the ALJ's decision.  The ARB attached all the relevant documents to its motion to dismiss.  The district judge permissibly considered these documents.  Thus, to the extent Huang challenges the district court's reliance on the ALJ's decision or excerpts from the administrative record, we find no error.

Turning to Huang's individual challenges, he first argues that the ALJ failed to award damages for various employee benefits, such as potential green card sponsorship,[3] vacation pay, and loss of tax benefits in the form of a $600 economic stimulus payment that he was not eligible for because he was not paid a proper salary.  However, his claim is entirely speculative, and he has failed to support it with citations to the record showing that he was entitled to these benefits or legal authority that the ALJ could award such damages.  Accordingly, we consider this argument waived.  *See Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 212 (5th Cir. 1998) ("[Appellant] does not present arguments or authority to support his position on these issues, however, and we therefore consider them waived."); *see also United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) ("It is not enough to merely mention or allude to a legal theory. . . . [A]mong other requirements to properly

---

[3] Huang claims that Ultimo promised to sponsor him for a green card after one year's employment.  He seeks $50,000 in damages based on the fact that Ultimo did not sponsor him for a green card.

raise an argument, a party must ordinarily identify the relevant legal standards and 'any relevant Fifth Circuit cases.'" (internal citations omitted)).

Second, Huang argues that the back-pay award failed to include a five to ten percent annual salary increase that was allegedly promised to Huang in an email from Ultimo. However, Huang's entitlement to relief is limited to pay he would have earned at the salary rate set by the LCA. *See* 8 U.S.C. § 1182(n)(1) & (n)(2)(D). The LCA only states that Huang's annual salary is $60,000 and does not specify that Huang was entitled to an annual raise. Thus, we find no error in the ALJ's calculation of back-pay.

Third, Huang sought an award of front-pay. Because reinstatement was not an option in this case, the ALJ held that Huang was entitled to receive damages in the form of his salary between the date that Ultimo terminated Huang, July 12, 2007, to the date that Huang's H-1B visa expired, September 15, 2008. Huang seeks additional damages in the form of his salary and benefits from September 16, 2008, until he finds new employment. He claims that his visa would have been extended by Ultimo. However, Ultimo did not extend his visa, and there is insufficient evidence to show that Ultimo planned to do such, so we find that the ALJ's decision to limit Huang's damages to salary that he would have received until September 15, 2008, is not arbitrary or capricious.

Fourth, Huang requests that the court expunge allegedly false records relating to his Ultimo employment. Huang failed to make this request to the ALJ or the ARB, so the DOL did not have an opportunity to consider whether expungement was proper. Additionally, Huang offers no legal authority that this court has the power to direct the DOL to expunge records in this situation, so we decline to do so. *See Jason D.W.*, 158 F.3d at 212.

Fifth, Huang challenges the ALJ's refusal to award compensatory damages for pain, suffering, humiliation, and depression. The ALJ

acknowledged that compensatory damages are available under the relevant whistleblower statute, but denied Huang such compensation because Huang presented no testimony during the trial to support his claim that he was entitled to $100,000 in damages. *See In the Matter of Douglas A. Tritt,* No. 88-ERA-29, 1994 WL 897368, \*7–9, ALJ's Recommended Decision (D.O.L. Aug. 29, 1994). Additionally, the ALJ found that there were no documents in the record to support his claims for distress or for treatment for his symptoms. On appeal, Huang describes his poor health in some detail, but he fails to point to a single piece of evidence in the record, such as a physician's treatment note or testimony at trial regarding his ailments, showing that he is entitled to damages for pain, suffering, humiliation, or depression. Additionally, he now requests $500,000 in damages. Since he has not shown that the ALJ's conclusion that there was no evidence in the record to support his claims was erroneous, the ALJ's decision was not arbitrary or capricious.

Sixth, Huang argues that the ARB erred in denying his request for $5 million in punitive damages. However, the ALJ correctly explained that federal law did not authorize the ARB to award punitive damages in Huang's situation. *See, e.g.*, 8 U.S.C. § 1182; 20 C.F.R. § 655.801(b). Huang claims that punitive damages need not be explicitly authorized. However, assuming *arguendo* that the ARB could award such damages, Huang has not shown that the ARB's decision not to award $5 million in punitive damages is arbitrary or capricious.

Seventh, Huang claims that the ARB must award him compensation for the increased taxes he might pay as a result of receiving damages in a lump sum. However, Huang has not pointed to any legal authority stating that Ultimo must pay damages equal to any change in tax burden. Additionally, Huang has not indicated that he requested this compensation from the ALJ, nor has he identified the actual increase in his tax burden. This claim is purely

speculative, so the ALJ's refusal to award damages for a possible increase in taxes is not arbitrary and capricious. *See, e.g., Masinter v. Tenneco Oil Co.*, 929 F.2d 191, 194 (5th Cir. 1991).

Eighth, Huang asserts that the ALJ did not properly calculate pre- and post-judgment interest. Huang claims that he is owed approximately $189,000 in interest instead of the $37,632.46 awarded by the ALJ. Having reviewed the relevant caselaw, facts, and computations performed by the ALJ, we find that the ALJ properly calculated interest. *See Doyle v. Hydro Nuclear Services*, Nos. 99-041, 99-042, & 99-012, 2000 WL 694384, *15–18, ARB Decision (D.O.L. May 17, 2000) (describing the methodology ALJs must use to calculate interest in H-1B whistleblower cases).

Finally, Huang seeks costs on appeal to the ARB as the "prevailing party." Although Huang prevailed before the ALJ (and was properly awarded costs), he did not prevail before the ARB, since the review board rejected his arguments in support for a higher damage award. Thus, Hung was not entitled to his appellate costs.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.