# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 14, 2012

Lyle W. Cayce
Clerk

No. 11-60279

DEBRA BOWLBY,

Plaintiff-Appellant

v.

CITY OF ABERDEEN, MISSISSIPPI; CITY OF ABERDEEN, MISSISSIPPI
PLANNING AND ZONING BOARD

Defendants-Appellees

Appeal from the United States District Court for the
Northern District of Mississippi

Before KING, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

Plaintiff-Appellant Debra Bowlby appeals from the district court's grant of Defendants-Appellees' Rule 12(b)(6) motion to dismiss. Bowlby sued Defendants-Appellees the City of Aberdeen, Mississippi ("City") and the Aberdeen Planning and Zoning Board ("Board") for violations of the Fifth Amendment Takings Clause and for denying her procedural due process and equal protection under the Fourteenth Amendment. The district court dismissed all of her claims. Bowlby appeals only the dismissal of her procedural due process and equal protection claims. Because we find that the district court was justified in dismissing Bowlby's equal protection claim, but that it erred in

No. 11-60279

dismissing her due process claim, we affirm in part, and reverse and remand in part.

## I. BACKGROUND

On July 13, 2009, Bowlby appeared before the Aberdeen Planning and Zoning Board seeking permission to operate a "Sno Cone" hut at the corner of Highway 45 and Meridian Street in the city of Aberdeen. Bowlby had already purchased a small hut from which to operate her business, and she had agreed to lease the lot at the intersection from its owner. One member of the Board voiced concerns, as this lot was zoned "C-2," for larger businesses, and the intersection at Highway 45 and Meridian Street is the busiest in Aberdeen. However, the other Board members did not share these concerns and the Board granted Bowlby the requested permits and told her to proceed with her business plan. Accordingly, around July 29, 2009, Bowlby opened her business.

On September 14, 2009, the Board again discussed the location of Bowlby's business, and decided to revoke the permits it had given her to operate the Sno Cone hut at that location. Bowlby was not invited to the meeting, nor informed that the Board was reviewing the issue. The following day, the city building inspector told Bowlby that she had to immediately close her business, because the Board had determined that it did not conform to the laws and regulations of the City. The inspector also gave Bowlby a letter from the Board notifying her of its decision and the reasons therefor. Those reasons included: (1) that Bowlby had misled the Board as to the location of her business; (2) that the location poses a safety concern because the busy intersection was not safe for children; (3) that the land is zoned C-2 and intended for larger businesses; (4) that the portable toilet next to Bowlby's business was an eyesore and a health hazard; and (5) that the overall look of the business was offensive and not appropriate for the eastern entrance to the City.

2

No. 11-60279

Section 115.14 of the Aberdeen Zoning Ordinance requires that all appeals of Board decisions be made to the mayor and Board of Aldermen, and then to the courts.  However, Bowlby did not follow that course, and she instead brought suit against the City and the Board in the United States District Court for the Northern District of Mississippi.  She claimed that her business was taken without just compensation, in violation of the Fifth Amendment Takings Clause; that her business was closed without notice or hearing, in violation of the Fourteenth Amendment Due Process Clause; and that her business was closed on a racially discriminatory basis, in violation of the Fourteenth Amendment Equal Protection Clause.  The Defendants-Appellees filed a motion to dismiss under Rule 12(b)(6), as well as under Rules 21(b)(1)-(3).  The district court granted the motion based on Rule 12(b)(6), relying on the Supreme Court's decision in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985).  The court held that, under *Williamson*, Bowlby's takings claim was not ripe because she did not first seek just compensation in a state court for the taking of her business.  *See id*. at 194.  In addition, the court found that Bowlby's equal protection claim would not exist but for the taking, such that it, too, was unripe.  The court also held that the Board had not violated Bowlby's due process rights because there had not yet been a final deprivation by the state, since she had not appealed the decision to revoke permission to operate her business.

## II. STANDARD OF REVIEW

We review a district court's grant of a motion to dismiss de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks and citation omitted).  However, those facts, "taken as true, [must] state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011) (citation

No. 11-60279

omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### III. ANALYSIS

On appeal, Bowlby argues that she had a property interest in being allowed to operate her business, and that the Board's revocation of her business permits without prior notice or hearing violated her Fourteenth Amendment right to procedural due process. She also claims that the closing of her business was racially discriminatory, in violation of her equal protection rights. Her appeal is supported by an amicus curiae brief submitted by the Pacific Legal Foundation ("Foundation"), a charitable organization dedicated to preserving the individual right to make reasonable use of private property. The Foundation argues that the district judge incorrectly applied a ripeness requirement to Bowlby's procedural due process claim, because that claim was actionable as soon as a predeprivation hearing was denied. Furthermore, the Foundation argues that Bowlby was not required to exhaust administrative remedies in order to bring a claim under 42 U.S.C. § 1983, and that her due process claim is ripe without an appeal to a higher administrative authority. In defense of both Bowlby's due process and equal protection claims, the Foundation states that they are their own, separate causes of action, and not barred by the fact that her takings claim was unripe.

The Defendants-Appellees respond that Bowlby's due process claim fails because she has no protected property interest in operating the Sno Cone hut at a preferred location in Aberdeen. In addition, even if Bowlby had a protected property interest, she did not appeal the Board's decision. Thus, there was no

4

No. 11-60279

decision from the final decision-making authority, such that the deprivation of Bowlby's property was not final.  As for Bowlby's equal protection claim, the Defendants-Appellees argue that it flows directly from her takings claim, and would not exist except for the alleged taking.  Since Bowlby's takings claim was unripe, her equal protection claim is barred for the same reason.

We will address Bowlby's due process and equal protection claims in turn.

## A.  Procedural Due Process

To begin, we disagree with the Defendants-Appellees that Bowlby did not have a property interest in her business permits.  "Privileges, licenses, certificates, and franchises . . . qualify as property interests for purposes of procedural due process."  *Wells Fargo Armored Serv. Corp. v. Ga. Pub. Serv. Comm'n*, 547 F.2d 938, 941 (5th Cir. 1977).  This is because, once issued, a license or permit "may become essential in the pursuit of a livelihood."  *Bell v. Burson*, 402 U.S. 535, 539 (1971).  Here, the Board issued permits to Bowlby, allowing her to operate a business "in the pursuit of a livelihood."  *Id.*  As such, we find that she had a property interest in the permits.  Furthermore, the Board permitted Bowlby to operate her business at the corner of Highway 45 and Meridian Street, where she had leased property for that purpose.  Therefore, unlike Defendants-Appellees' contention, she is not seeking to protect a property interest merely "in her preferred location," but in the specific location that the Board approved.  We agree with the Defendants-Appellees that "the [Z]oning [B]oard has broad discretion to determine the appropriate locations for certain types of businesses within the City of Aberdeen," but once the Board issued permits for Bowlby to operate her business at a designated intersection, she had a property interest in those permits, and by extension in operating at the location it identified.

Because permits and licenses relate to the maintenance of a person's livelihood, "[s]uspension of issued licenses . . . involves state action that

5

adjudicates important interests of the licensees." *Bell*, 402 U.S. at 539; *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 543 (1985) ("We have frequently recognized the severity of depriving a person of the means of livelihood."). Therefore, once issued, a license or permit cannot be taken away by the State without due process. *Bell*, 402 U.S. at 539. "[T]o determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). The Supreme Court has held that "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation marks and citation omitted). In most cases, "a meaningful time" means prior to the deprivation of the liberty or property right at issue. *Zinermon*, 494 U.S. at 127; *see also Caine v. Hardy*, 943 F.2d 1406, 1411-12 (5th Cir. 1991) ("Ordinarily, government may effect a deprivation only after it has accorded due process . . . .").[1]

There are "three distinct factors for a court to weigh in considering whether the procedural due process provided is adequate: 'First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural

---

[1] When the State must act quickly or predeprivation process is impracticable, and meaningful postdeprivation process is available, then due process is still satisfied. *Parratt v. Taylor*, 451 U.S. 527, 539 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Thus, when the deprivation of a protected liberty or property interest is the "result of a random and unauthorized act by a state employee," which the State cannot foresee, postdeprivation process is sufficient. *Id.* at 541; *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Zinermon*, 494 U.S. at 132; *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996). However, as the district court correctly found, Bowlby was due predeprivation process, because the revocation of her business permits was not random or unauthorized.

No. 11-60279

requirement would entail.'" *Meza v. Livingston*, 607 F.3d 392, 402 (5th Cir. 2010) (quoting *Matthews*, 424 U.S. at 335)).

The district court found that Bowlby was due predeprivation process, and we agree. Applying the *Matthews* factors, the private interest affected by the Board's action was Bowlby's ability to operate her business, which, as we have stated, is recognized by courts as an important right. *See Bell*, 402 U.S. at 539. The Defendants-Appellees did not provide *any* process prior to revoking Bowlby's permits, which increases the risk of an erroneous deprivation, and means that any procedural safeguards would be highly valuable. Finally, while the City may have a strong interest in properly regulating businesses, we do not find that providing some sort of predeprivation procedure would be overly burdensome. "'[D]ue process is flexible and calls for such procedural protections as the particular situation demands.'" *Meza*, 607 F.3d at 404 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). Thus, the *Matthews* balancing test "permits varied types of hearings, from informal to more formal evidentiary hearings." *Ecee, Inc. v. FERC*, 645 F.2d 339, 352 (5th Cir. 1981). In a situation such as Bowlby's, however, due process demands more than no hearing at all. *See, e.g., Loudermill*, 470 U.S. at 542 ("We have described 'the root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.'" (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)); *Fuentes v. Shevin*, 407 U.S. 67, 86 (1972) ("While the length and consequent severity of a deprivation may be another factor to weigh in determining the appropriate form of hearing, it is not decisive of the basic right to a prior hearing of some kind.").

The district court also held that Bowlby "has not yet been denied such process," because her "pre-deprivation hearings are the appeal to the Mayor and Board of Alderman and if necessary, to the circuit court that serves as an appellate court for the decision." Since her "property interest has not been

effectively destroyed, as the Mayor and Board of Alderman could theoretically disagree with the Zoning Commission's decision tomorrow," a "[d]eprivation by the state has not yet occurred." It is with this finding that we disagree.

"Procedural due process considers not the justice of a deprivation, but only the means by which the deprivation was effected." *Caine*, 943 F.2d at 1411. Thus, the injury that stems from a denial of due process is not the liberty or property that was taken from the plaintiff, but the fact that it was taken without sufficient process. *See Nasierowski Bros. Inv. Co. v. City of Sterling Heights*, 949 F.2d 890, 894 (6th Cir. 1991) (stating that, "[c]onceptually, in the case of a procedural due process claim, 'the allegedly infirm process is an injury in itself'" (quoting *Hammond v. Baldwin*, 866 F.2d 172, 176 (6th Cir. 1989)). A due process injury is therefore complete at the time process is denied. *See, e.g.*, *Zinermon*, 494 U.S. at 125 (stating that "the constitutional violation actionable under § 1983 is complete when the wrongful action is taken"); *Burns v. Pa. Dep't of Corr.*, 544 F.3d 279, 284 (3d Cir. 2008) ("Accordingly, a procedural due process violation is complete at the moment an individual is deprived of a liberty or property interest without being afforded the requisite process."); *Nasierowski*, 949 F.2d at 894 ("Nasierowski's injuries accrued and attached immediately when Council convened in executive session and materially deviated from the recommendations of the planning commission, thus subverting the purpose of the duly conducted notice and comment process."). Consequently, "no later hearing and no damage award can undo the fact that the arbitrary taking that was subject to the right of procedural due process has already occurred." *Fuentes*, 407 U.S. at 82.

In addition, exhaustion of state remedies is not required before a plaintiff can bring suit under § 1983 for denial of due process. *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982); *James v. Gonzales*, 464 F.3d 505, 513 n.46 (5th Cir. 2006). Consequently, Bowlby was not required to go through the

appeal process set out in the Aberdeen Zoning Ordinance in order to state a cognizable procedural due process claim. Because, as the district court recognized, Bowlby was due predeprivation process, she suffered a due process injury when the City revoked her business permits, notwithstanding the fact that they may have been reinstated at some later date had she appealed the Board's decision. *See Carey v. Piphus*, 435 U.S. 247, 266 (1978) ("Even if respondents' suspensions were justified, and even if they did not suffer any other actual injury, the fact remains that they were deprived of their right to procedural due process."); *Nasierowski*, 949 F.2d at 894 ("In sum, Nasierowski's injury stemming from the deprivation of procedural due process was immediately sustained and concretely felt, notwithstanding the absence of a 'final' decision from the City concerning the appropriate development of the property.").

As the Supreme Court has stated, "[i]n procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125 (emphasis original); *see also Carey*, 435 U.S. at 259 ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property."). Thus, even due process violations with de minimus damages are constitutionally-cognizable claims, "[b]ecause the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed." *Carey*, 435 U.S. at 266. Thus, "the denial of procedural due process [is] actionable for nominal damages without proof of actual injury." *Id*. For takings claims, however, damages are calculated based on the value of the property of which the State has deprived the plaintiff. *See Palazzolo v. Rhode*

*Island*, 533 U.S. 606, 625 (2001) ("When a taking has occurred, under accepted condemnation principles the owner's damages will be based upon the property's fair market value[.]").

On appeal, both parties make arguments based on the Supreme Court's decision in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). According to the Defendants-Appellees, under *Williamson County*, "a final decision from the final decision-making authority was required" for Bowlby's due process claim to be ripe. *See id.* at 186 ("Because respondent has not yet obtained a final decision regarding the application of the zoning ordinance and subdivision regulations to its property . . . respondent's claim is not ripe."). Since Bowlby did not appeal the Board's decision to the mayor or Board of Alderman, the Defendants-Appellees argue that she did not have a final decision regarding her property, and thus her claim was unripe. The Foundation counters that, in the context of a traditional procedural due process claim such as Bowlby's, "the injury and issue . . . is the opportunity for a hearing, not the extent of restrictions on property use, [such that] a *Williamson County* final decision–one exposing interference with property use–is not required."

We agree with the Foundation that the *Williamson County* final-decision requirement makes more sense when the taking alleged is a regulatory taking. As the Court stated in *Williamson County*, resolution of whether a regulation goes too far "depends, in significant part, upon an analysis of the effect the [government's] application of the [ordinances and regulations at issue] had on the value of respondent's property and investment-backed profit expectations," and "[t]hat effect cannot be measured until a final decision is made as to how the regulations will be applied to respondent's property." *Id.* at 200. In Bowlby's case, however, her business permits were definitively taken away. While it is possible that, had she appealed to the mayor or Board of Alderman, she may

have regained her permits, the actual taking is "irreversible," unlike the application of a regulation. *Mackey v. Montrym*, 443 U.S. 1, 21 (1979) ("When a deprivation is irreversible–as is the case with a license suspension that can at best be shortened but cannot be undone–the requirement of some kind of hearing before a final deprivation takes effect is all the more important."); *Dison v. Love*, 431 U.S. 105, 113 (1977) ("[A] licensee is not made entirely whole if his suspension or revocation is later vacated.").

More importantly, under this Court's precedents, a procedural due process claim that is brought concurrently with a takings claim, such as Bowlby's, should be analyzed not under the principles of *Williamson County*, but according to "general ripeness principles." *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 90 (5th Cir. 2011). In this regard, this Court has distinguished procedural due process claims that "involve allegations of deprivations 'ancillary' to or 'arising from' a takings claim" from those "whose main thrust . . . is not a claim for a taking." *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1045 n.6 (5th Cir. 1998) (citing *Bigelow v. Mich. Dept. of Natural Res.*, 970 F.2d 154, 160 (6th Cir. 1992); *Harris v. Riverside Cnty.*, 904 F.2d 497, 501 (9th Cir. 1990)). The ripeness of the former depends on the ripeness of the "ancillary" takings claim, while the ripeness of the latter is a separate matter from the ripeness of any attendant takings claim. In *Rosedale Church*, the City of New Orleans demolished a church building without first giving notice to the church. *Rosedale Church*, 641 F.3d at 87. The church then sued for violation of its procedural and substantive due process rights, as well as for just compensation under the Takings Clause. *Id.* at 88. This Court held that the church's procedural due process claim was not ripe because, "where the injury that resulted from an alleged procedural due process violation is merely a taking without just compensation, we cannot know whether the plaintiff suffered any injury until the takings claim has been adjudicated." *Id.* at 91. Because under

No. 11-60279

*Williamson County* state procedures must be used to adjudicate any takings claim, the *Rosedale Church* court could not decide the takings claim itself, and therefore hear the church's due process claim, as well. *Id.* Finally, the Court found that allowing the "state-court takings claim to run its course" would not cause any hardship to the church. *Id.* Thus, since "[t]he ripeness inquiry involves '(1) the fitness of the issue for judicial decision and (2) the hardship to the parties of withholding court consideration," the Court held that the church's claims were unripe. *Id.* (quoting *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003)).

The decision in *Rosedale* was based on an earlier case, *John Corp. v. City of Houston*, 214 F.3d 573, 586 (5th Cir. 2000). In *John Corp.*, the plaintiff alleged that the City of Houston had thwarted his efforts to renovate an apartment complex, culminating in allowing forty-one of the buildings to be demolished by a moving company. *Id.* at 575. This Court upheld the dismissal of John Corp.'s claims, noting that under *Williamson County*, one of the requirements for a ripe takings claim is a final decision, and citing cases from other circuits applying this finality requirement to substantive due process, equal protection, and procedural due process claims. *Id.* at 584. However, the Court found that finality was not an issue in *John Corp.*,[2] such that *Williamson County*'s requirements need not be applied to claims other than a proper takings claim. *Id.* at 585. Instead, the Court held that John Corp.'s procedural due process claim was unripe, based not on *Williamson County*, but on "the general rule that a claim is not ripe if additional factual development is necessary." *Id.* at 586. The takings claim was unripe because the plaintiffs had not yet sought just compensation, "and it will only be when a court may assess the takings

---

[2] We assume that finality was not an issue in *John Corp.* because the buildings owned by John Corp. had been destroyed.

claim that it will also be able to examine whether Appellants were afforded less procedure than is constitutionally required." *Id.*

In *John Corp.*, the Court distinguished a previous case, *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036 (5th Cir. 1998), where the Court held that "plaintiffs asserted a violation of their procedural due process rights that inflicted an injury separate from any takings claim that was dismissed prior to trial." *Id.* Conversely, in *John Corp.*, the plaintiffs "assert[ed] that they were denied the pre-demolition procedure required by the Constitution," such that their procedural due process claim was subsumed by their takings claim. *Id.* It is on this basis that we find that the present case can be distinguished from *Rosedale Church* and *John Corp.* In both *Rosedale Church* and *John Corp.*, the plaintiffs' physical property was destroyed, such that the only injury they could claim was the loss of that property. *See Rosedale Church*, 641 F.3d at 91 ("*John Corp.*, like the instant case, was brought by a plaintiff alleging that it was not provided sufficient process before the state demolished its property."). Consequently, the only calculable damages were the value of the demolished properties. Thus, as the *Rosedale Church* Court noted, there was a concern that "a decision by this court that the church was entitled to the value of its demolished property would permit an end-run around" the *Williamson County* requirement that a plaintiff seek just compensation before bringing a takings claim and potentially receiving the fair value of her property. *Id.*

In the present case, however, Bowlby is not claiming the value of any destroyed real property. Instead, in the district court she claimed both that process was due before revoking her business permits, and that her business was destroyed as a result of that revocation. Therefore, Bowlby has not stated a due process claim that is "ancillary" to her takings claim, but rather one that is separately cognizable—a property interest in the permits to operate her business, not just in the business itself. *Hidden Oaks*, 138 F.3d at 1045 n.6 (5th Cir. 1998)

No. 11-60279

(citing *Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154, 160 (6th Cir. 1992), *Harris v. Cnty. of Riverside*, 904 F.2d 497, 501 (9th Cir. 1990)). To be clear, "[i]n contrast to [her] taking[s] claim, . . . [Bowlby's] procedural due process claim challenges the [permitting] decision in isolation, as a single decision with its own consequences, rather than as one in a series of [City] actions resulting in a taking." *Harris*, 904 F.2d at 501. As the Ninth Circuit has noted, "[t]wo or more legal theories may cover the same conduct and a plaintiff is entitled to prove each claim according to its terms." *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1404 (9th Cir. 1989), *overruled on other grounds by Armendariz v. Penman*, 75 F.3d 1311 (9th Cir. 1996). Additionally, in this instance we do not share the *Rosedale Church* court's concern that a procedural due process claim will create an end-run around the requirement that a plaintiff seek just compensation, because Bowlby's potential damages for a due process violation and a takings claim are not necessarily identical. Any award she receives for the perfunctory revocation of her business permits could be very different, and potentially much smaller, than the value of her entire business.[3] Indeed, she may receive merely nominal damages, if a court finds that the only injury stated is the lack of process itself. *See, e.g., Zinermon*, 494 U.S. at 126 n.11 ("[I]n cases where the deprivation would have occurred anyway, and the lack of due process did not itself cause any injury (such as emotional distress), the plaintiff may recover only nominal damages."); *Carey*, 435 U.S. at 266 ("[T]the denial of procedural due process should be actionable for nominal damages without proof of actual injury.").

Additionally, applying basic ripeness principles, Bowlby's claim as to her business permits is amenable to a court decision at this time. She has an injury

---

[3] For instance, a court could award damages based on the amount of time Bowlby's business may have continued to operate while the City provided process to determine whether her business permits should be revoked.

14

separate from any potential taking, as well as a final decision by the Board. Furthermore, whether or not compensation is due Bowlby for the value of her business will not assist a court in determining what process the City should have provided her prior to taking away her business permits. *See John Corp.*, 214 F.3d at 586 (stating that "a claim is not ripe if additional factual development is necessary"); *Rosedale Church*, 641 F.3d at 91 (stating that "where the injury that resulted from an alleged procedural due process violation is merely a taking without just compensation, we cannot know whether the plaintiff suffered any injury until the takings claim has been adjudicated"). Therefore, we find that Bowlby's claim meets the first ripeness requirement, because it is fit for judicial decision. *Nat'l Park Hospitality Ass'n*, 538 U.S. at 808.

Applying the second prong of the ripeness test, we also find that withholding court consideration of Bowlby's procedural due process claim would cause her further hardship. *See id.* Her due process rights were violated, and thus far, she has had no recourse. She is also being forced to wait to find out if a court will award her any damages, and if so, in what amount. Since her potential due process damages are not dependent on any decision as to her takings claim, requiring that she continue to wait does not benefit either party.

"There are many intangible rights that merit the protection of procedural due process although their infringement falls short of an exercise of the power of eminent domain for which just compensation is required under the Fifth and Fourteenth Amendments." *Landmark Land Co. of Okla., Inc. v. Buchanan*, 874 F.2d 717, 723 (10th Cir. 1989), *abrogated on other grounds by Federal Lands Legal Consortium ex rel. Robart Estate v. United States*, 195 F.3d 1190, 1195-96 (10th Cir. 1999). Here, we find that Bowlby's property right in the business permits the Board granted to her merited the protection of procedural due process before the Board could revoke it. Even if a court were to decide that the Defendants-Appellees did not violate the Takings Clause by causing Bowlby to

lose her business, they still violated her right to procedural due process. The provision of adequate due process not only helps to prevent unwarranted deprivations, but also "serve[s] the purpose of making an individual feel that the government has dealt with [her] fairly." *Williamson Cnty.*, 473 U.S. at 195 n.14. Bowlby was denied such fair treatment, and her due process claim will help to remedy that loss. We therefore reverse the district court's dismissal of Bowlby's procedural due process claim.

## B. Equal Protection

The district court also dismissed Bowlby's equal protection claim, holding that it flowed from her takings claim and was thus unripe. On appeal, Bowlby argues that her complaint alleged that she was treated differently as a white business owner than were black business owners, and that "differing treatment based upon race is the epitome of a violation of the Equal Protection Clause of the Fourteenth Amendment[.]" We agree with the district court that Bowlby has failed to state a viable equal protection claim, though we affirm on other grounds. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) ("We can, of course, affirm the district court's judgment on any grounds supported by the record.").

Bowlby is correct that "[t]he Equal Protection Clause protects individuals from governmental action that works to treat similarly situated individuals differently." *John Corp.*, 214 F.3d at 577. In addition, the main purpose of the Equal Protection Clause is to prevent official conduct that discriminates on the basis of race. *Washington v. Davis*, 426 U.S. 229, 239 (1976). "To state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff 'must allege and prove that [she] received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir.

16

2001) (per curiam)); *see also Village of Arlington Hts. v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 265 (1977) ("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause."). Here, Bowlby's equal protection allegations are as follows: "Plaintiff is a white person. The Defendants have not closed any business of a black person or alleged failure to comply with laws and regulations even though such non-compliance with laws and regulations by black businesses exist." This is insufficient to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

As stated earlier, a plaintiff must "'state a claim that is plausible on its face.'" *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 145 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). Bowlby's complaint simply states that no black-owned businesses have been closed, and that there are black-owned business operating despite their non-compliance with City laws and regulations. She then summarily concludes that this amounts to a denial of equal protection. Nowhere, however, does she allege that the Defendants-Appellees' treatment of her is the result of intentional discrimination. Furthermore, Bowlby pleads no facts to establish that she and the black business owners to whom she broadly refers are similarly situated. For instance, there are no allegations regarding the types of businesses owned by black individuals, the size of their businesses, where they are located, or what laws and regulations they have violated. Bowlby therefore provides mere "labels and conclusions," and consequently has failed to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949

No. 11-60279

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the dismissal of Plaintiff-Appellant Debra Bowlby's equal protection claim. We REVERSE the district court's dismissal of her procedural due process claim, and REMAND for further proceedings consistent with this opinion.