# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30556

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2016

Lyle W. Cayce
Clerk

G & H DEVELOPMENT, L.L.C.,

      Plaintiff–Appellant,

v.

BENTON-PARISH METROPOLITAN PLANNING COMMISSION;
BENTON-PARISH METROPOLITAN BOARD OF ADJUSTMENT; POLICE
JURY BOSSIER PARISH; PARISH OF BOSSIER,

      Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-272

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:*

      The district court rejected G&H's procedural and substantive due process claims with respect to its application to develop a tract of land.  We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30556

## I

G&H Development, L.L.C. (G&H) owns a 55-acre parcel of land in Bossier Parish, Louisiana that it sought to develop into a subdivision of 154 lots containing single-family dwellings. G&H applied to the Benton Parish Metropolitan Planning Commission (the MPC) to have the property rezoned from Residence-Agriculture (R-A) zoning to One-Family Residence (R-1) zoning; it also filed with the MPC a subdivision plat for approval. After a hearing, the MPC voted to deny the rezoning application and declared the subdivision application therefore to be moot. G&H appealed the denial to the Bossier Parish Police Jury, which upheld the MPC's denial and mootness determination after a hearing. The mootness determination was premised on the belief that the property's existing zoning status was not compatible with the proposed subdivision plat. G&H did not seek judicial review of the decision in state court.

G&H subsequently developed a new subdivision plat—which was similar to the first but proposed eleven fewer lots—and submitted the new plat to the MPC without an accompanying application for rezoning. Nancy Penwell, the MPC's Zoning Administrator, decided not to submit this application to the MPC because it was not accompanied by an application for rezoning, which would have been required according to her understanding of the Bossier Parish Code of Ordinances (the Bossier Parish Code or the Code). Counsel for the MPC accordingly returned the application to G&H with an explanation that the application required an accompanying application for rezoning. G&H appealed this decision to the Benton-Parish Board of Adjustment. The Board of Adjustment held a hearing at which it did not permit G&H to call Penwell to testify under oath. The Board of Adjustment denied the appeal. G&H subsequently appealed to the Police Jury, which refused to consider the merits

2

of the appeal on the ground that it lacked jurisdiction to do so.  The Police Jury advised G&H that the proper place for its appeal was in state district court.

G&H did not seek review in state court but instead filed a lawsuit in federal court against various named defendants, including the Board of Adjustment, the Police Jury, and Bossier Parish, seeking declaratory judgments establishing that its rights to due process and equal protection under the United States and Louisiana constitutions had been violated; that any zoning regulations pertaining to the property at issue are null and void because the MPC has never certified a general zoning plan; and that G&H is entitled to a certificate of approval from the MPC for its second subdivision application.  It also sought an injunction requiring the MPC to issue such certificate, and it sought damages for "its expenses for surveying, engineering, platting, legal and other professional fees, etc. and other costs and expenses paid and incurred in its efforts to develop the Property."

In multiple rulings, the district court rejected all of G&H's procedural due process, substantive due process, and equal protection claims.  On appeal, G&H only contests the dismissal of its procedural due process claim against the Board of Adjustment and the grant of summary judgment with respect to its substantive due process claim against the MPC and the Police Jury.

## II

We review a district court's dismissal under Rule 12(b)(6) de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff[]."[1]  We "review a grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving

---

[1] *Morris v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014) (quoting *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)).

No. 15-30556

party and drawing all reasonable inferences in that party's favor."[2]  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

### III

G&H argues that it was denied procedural due process at the hearing for its second subdivision application because it was not afforded the opportunity to be heard "in a meaningful manner."[4]  It states that the Board of Adjustment did not allow G&H to submit testimony under oath or to cross-examine Penwell, and that the Board of Adjustment was represented by the same lawyer who was representing the MPC, which was a party to the hearing.  The Board responds that the hearing complied with the relevant provisions of the Bossier Parish Code, which require "[p]ublic notice" of a hearing of appeal and "due notice" to the appellant.  Those provisions further provide that the chairman "may administer oaths and compel attendance of witnesses" and that the Board "shall not be bound by legal rules of evidence."  The Board notes that G&H has not alleged that it lacked notice of the hearing or that it was denied the right to participate.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."[5]  The district court concluded that it was enough that G&H received notice of the Board of Adjustment and Police Jury hearings and was allowed to be heard at both.  Even assuming that the zoning decision made in this case was adjudicative,

---

[2] *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (quoting *Pierce v. Dep't of the Air Force*, 512 F.3d 184, 186 (5th Cir. 2007)).

[3] FED. R. CIV. P. 56(a).

[4] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation and internal quotation marks omitted).

[5] *Id.* (citation and internal quotation marks omitted).

rather than legislative or quasi-legislative,[6] and that the rejection of G&H's application entailed the deprivation of a property interest, such that procedural due process rights attached,[7] G&H was not denied those rights. *Mathews v. Eldridge* requires "some form of hearing . . . before an individual is finally deprived of a property interest," but it does not require the particular procedural protections that G&H demands.[8] "[T]he *Mathews* balancing test 'permits varied types of hearings, from informal to more formal evidentiary hearings,'"[9] depending on the application of the *Mathews* factors to a given case.[10] As the Board points out, G&H's amended complaint does not indicate how its inability to cross-examine Penwell deprived it of a meaningful opportunity to be heard or increased the risk of an erroneous deprivation. G&H also misleadingly asserts that it was not permitted to present "testimony." What G&H apparently means by this is only that it was not allowed to cross-examine Penwell or to compel unwilling witnesses to testify; but representatives of G&H spoke at length, and there is no evidence that G&H

---

[6] *Compare Jackson Court Condos., Inc. v. City of New Orleans*, 874 F.2d 1070, 1074 (5th Cir. 1989) ("[W]here a zoning decision has been made by an elected body . . . we have characterized the action as legislative or 'quasi-legislative' negating procedural due process claims."), *with Cty. Line Joint Venture v. City of Grand Prairie*, 839 F.2d 1142, 1144 (5th Cir. 1988) ("[A] municipal body's action may be more likely termed adjudicative if an appointed group, such as a zoning board, makes a specific decision regarding a specific piece of property.").

[7] *Cf. Shelton v. City of College Station*, 780 F.2d 475, 482 (5th Cir. 1986) ("[A] state's use of an adjudication-like mechanism for zoning decisions does not by itself trigger [a procedural due process] inquiry or create [protected] property rights.").

[8] *Mathews*, 424 U.S. at 333 (citing *Wolff v. McDonnell*, 418 U.S. 539, 557-558 (1974)).

[9] *Bowlby v. City of Aberdeen*, 681 F.3d 215, 221 (5th Cir. 2012) (quoting *Ecee, Inc. v. FERC*, 645 F.2d 339, 352 (5th Cir. 1981)).

[10] *See Mathews*, 424 U.S. at 334-35 ("[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.").

was prevented from including any information or testimony of willing witnesses in its presentation. That G&H decided to forgo its right under Louisiana state law to appeal the Board of Adjustment's decision in state court only strengthens our conclusion that any deprivation that occurred was not erroneous.[11]

## IV

G&H also argues that it was deprived of substantive due process with respect to its first subdivision application because the MPC acted in an arbitrary and capricious manner in denying the application as moot. G&H primarily argues that its proposed subdivision plat was consistent with R-A zoning, and thus that the MPC was incorrect in assuming that the subdivision plan would require rezoning.

Section 126-716 of the Bossier Parish Code establishes "[d]welling, [o]ne-family" as a use by right of property zoned R-A, provided that the minimum building site area of a one-family dwelling within the R-A district is 6,000 feet. The same section of the Code states that R-A districts are composed "mainly of unsubdivided lands," and that "[i]t is intended that land in R-A districts will be reclassified to its appropriate residential or commercial category . . . whenever such land is subdivided into urban building sites."

In determining whether the MPC and the Police Jury violated G&H's right to substantive due process by assuming that the first subdivision application was not consistent with R-A zoning, it is not our task to determine whether their interpretation of the Code was correct. As the district court pointed out, and as we have repeatedly noted, "the due process clause does not

---

[11] *See* LA. STAT. ANN. § 33:4780.88 ("Any person or persons jointly or severally aggrieved by any decision by the board of adjustment relative to any officer, department, board, or bureau of the parish may present a petition to the district court of the parish or municipality in which the property affected is located.").

require a state to implement its own law correctly," and accordingly "a violation of state law is alone insufficient to state a constitutional claim under the Fourteenth Amendment."[12]   A municipal zoning decision "comports with substantive due process if the action is rationally related to a legitimate government interest."[13]  Here, it was rational for the MPC to conclude that the Code's assertion of "intent" that land in R-A districts be rezoned "whenever such land is subdivided into urban building sites" established a requirement of such rezoning.   Moreover, the record does not indicate that the MPC's interpretation of Section 126-716 in this case was inconsistent with its interpretation in other cases.  G&H only contests the proper interpretation of local law and relies on precedent that governs how state courts should review municipal legal determinations; these are not the same standards that apply to a federal court engaging in a substantive due process analysis.  The district court was correct to conclude that G&H's substantive due process rights were not violated.

*     *     *

For the foregoing reasons, the ruling of the district court is AFFIRMED.

---

[12] *FM Properties Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996) (citation and internal quotation marks omitted).

[13] *Id.*