# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51078

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2016

Lyle W. Cayce
Clerk

ELSA CUELLAR,

Plaintiff - Appellant

v.

SOUTHWEST GENERAL EMERGENCY PHYSICIANS, P.L.L.C., doing business as Hospital Physician Partners,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-434

Before STEWART, Chief Judge, and PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The district court dismissed Elsa Cuellar's Title VII retaliation claim. We REVERSE and REMAND for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

Nurse practitioner Elsa Cuellar filed this lawsuit against her employer, Southwest General Emergency Physicians d/b/a Hospital Physician Partners ("HPP"), alleging sexual harassment and retaliation in violation of Title VII of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Civil Rights Act.  In her complaint, Cuellar alleged her "supervisor" sexually harassed her by "promis[ing] to spank her if she misbehaved" and that she was discharged after reporting his conduct.  Cuellar provided more detail in an EEOC charge, contending that a physician made the offending comment on June 9, 2013.  Cuellar asserted that on August 26, she reported the physician's conduct to human resources personnel and requested a scheduling change so that she would not have to work with him.  Cuellar alleged that HPP terminated her employment on September 9, citing her failure to get along with others and her schedule change request as the reasons for her discharge.

HPP filed a motion to dismiss for failure to state a claim, attaching Cuellar's EEOC charge as an exhibit.  The district court granted the motion, effectively denying Cuellar's request to amend her complaint.  Cuellar now appeals only the dismissal of her retaliation claim.

## DISCUSSION

Dismissal for failure to state a claim is reviewed *de novo*.  *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  All well-pled facts are accepted as true and examined "'in the light most favorable to the plaintiff.'"  *Id.* (quoting *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010)).  If a complaint fails to plead sufficient "facts to state a claim . . . that is plausible," rather than merely conceivable, on its face, dismissal is appropriate.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the [complaint's] factual content . . . allows the court to draw the reasonable inference that the defendant is liable . . . ."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a Rule 12(b)(6) motion, a plaintiff alleging Title VII retaliation must plead facts showing: "'(1) that [she] engaged in [protected] activity . . . , (2) that an adverse employment action occurred, and (3) that a causal link

existed between the protected activity and the adverse employment action.'" *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004) (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)). We look to the sufficiency of the facts in both Cuellar's complaint and EEOC charge, as Cuellar referred to her charge in her complaint and HPP included the charge as an exhibit to its motion to dismiss. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

In the complaint and charge, Cuellar alleged her employment was terminated because she reported the physician's comment. Termination, of course, is a Title VII adverse employment action. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62−67 (2006). HPP does not contend that Cuellar inadequately pled causation. Therefore, this case turns on the first element: whether Cuellar engaged in protected activity.

Protected activity under Title VII is either "oppos[ing] any practice made . . . unlawful . . . by this subchapter," or "ma[king] a charge, testif[ying], assist[ing], or participat[ing] in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "The first of these is known as the 'opposition clause;' the second as the 'participation clause.'" *EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016). Participation clause protected activity is not at issue, as Cuellar filed her EEOC charge after her employment was terminated. 42 U.S.C. § 2000e-3(a). Cuellar attempts to state opposition clause protected activity only — in other words, that she opposed the physician's conduct by reporting him to human resources. To state a retaliation claim based on opposition clause protected activity, a plaintiff must show she "reasonably believed" the employment practice she opposed was unlawful under Title VII. *See Rite Way*, 819 F.3d at 240 (citing *Payne v.*

No. 15-51078

*McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. Unit A Sept. 1981)).

Here, HPP argues that even when Cuellar's complaint is "buttressed by the small set of extra facts alleged in" her EEOC charge, Cuellar still fails to state a claim of retaliation. A "single comment by a co-worker[,]" HPP contends, "does not amount to actionable harassment." Thus, Cuellar unreasonably believed she was opposing conduct that violated Title VII, and her claim must be dismissed.

HPP relies in part our decision in *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337 (5th Cir. 2007). In that case, a plaintiff claimed Title VII retaliation after she asked a supervisor to stop referring to inner city children as "ghetto children" and was later discharged. *Id.* at 342–43. We affirmed summary judgment for the defendant employer, concluding that the plaintiff "could not have reasonably believed that [the] . . . statements constituted an unlawful employment practice in and of themselves . . . ." *Id.* at 348–49.

HPP is correct that an isolated comment generally cannot support a Title VII sexual harassment claim. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Actionable sexual harassment requires that the alleged unlawful action be so "'severe or pervasive'" as "'to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (explaining that "offhand comments[] and isolated incidents" are not enough to violate Title VII).

Even so, a viable Title VII *retaliation* claim does not necessarily depend on a viable *harassment* or *discrimination* claim: "[O]pposition clause claims grounded in isolated comments are not always doomed" to dismissal. *Rite Way*, 819 F.3d at 243. We affirmed summary judgment for a defendant employer on a plaintiff's sexual harassment claim where the only basis for the claim was

4

"an offensive joke concerning condoms which [her supervisor] told in her presence." *Long*, 88 F.3d at 308−09. We held that the district court erred, however, in granting summary judgment on the plaintiff's retaliation claim, where the plaintiff reported the supervisor's conduct and was later discharged. *Id.* at 305−09.

Another case involved a plaintiff who was a witness of her supervisor's alleged harassment of another employee and was later terminated. *Rite Way*, 819 F.3d at 238−39. The alleged harassment consisted of two incidents: the plaintiff saw the supervisor pretend to smack the employee's bottom and say, "ooh wee," and the plaintiff heard the supervisor indicate to the employee that he was staring at her bottom. *Id.* at 238. We concluded that the question of whether the plaintiff reasonably believed the supervisor's conduct violated Title VII should go to a jury. *Id.* at 243−44. We distinguished the facts in *Rite Way* from other cases where isolated incidents could not form the basis of a retaliation claim by noting that the offending conduct came from a supervisor and was "directed at a specific fellow employee." *Id.* at 243.

Here, we are reviewing a Rule 12(b)(6) dismissal, not a Rule 56 summary judgment. HPP relies on *Turner,* which involved a comment about an amorphous group of children that is much different in severity from the physician-supervisor's alleged sexual comment, which was aimed directly at the plaintiff. *See Rite Way*, 819 F.3d at 243. We do not require an employee to be "'an expert'" in Title VII law, though. *Id.* at 242 n.5 (quoting *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 290 (4th Cir. 2015) (en banc)). There is enough factual information in Cuellar's complaint and EEOC charge to allow her retaliation claim to survive HPP's motion to dismiss.

We REVERSE and REMAND for further proceedings. Whether Cuellar may amend her complaint may be considered on remand.