# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40009

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2017

Lyle W. Cayce
Clerk

Consolidated With 15-40099

MIKE JABARY,

> Plaintiff – Appellee,

v.

BRET MCCULLOUGH, City Building Official for the City of Allen,

> Defendant – Appellant.

------------------------------------------------------------------------------------------------

Consolidated With 15-40772

MIKE JABARY,

> Plaintiff – Appellant,

v.

CITY OF ALLEN; BRET MCCULLOUGH, City Building Official for the City of Allen,

> Defendants – Appellees.

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CV-711

No. 15-40009
Cons w/ Nos. 15-40099, 15-40772

Before KING, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:*

City building inspector Bret McCullough shut down Mike Jabary's hookah lounge.[1] He did so by leaving a notice on the door of the establishment that summarily revoked Jabary's certificate of occupancy and informed him that he was violating the city code by doing business without the certificate. At issue in this case is whether the building inspector's action, taken on behalf of the City of Allen, violated the United States Constitution's Due Process and Takings Clauses. The building inspector appeals two district court decisions denying summary judgment on Jabary's procedural due process claim.[2] Because the current posture of the case bars us from resolving the factual dispute on which this claim depends, we DISMISS the building inspector's appeal for lack of jurisdiction. Jabary cross-appeals the district court's judgment dismissing with prejudice his takings claim against the City. Because that claim is not ripe, we modify the district court's judgment of dismissal to be without prejudice and AFFIRM as modified.

**I.**

For approximately one year, Jabary's hookah lounge operated under a certificate of occupancy signed by the building inspector and by representatives

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] A hookah lounge is a smoking facility that provides patrons with communal hookahs, which are pipes that pass smoke through water and have multiple hoses that function like stems for breathing what is smoked. *See* https://en.wikipedia.org/wiki/hookah_lounge.

[2] Jabary's notice of appeal indicates that he also appeals the district court's denial of his motion for a new trial on his claim against the City of Allen. We need not reach this issue as it was not adequately briefed and therefore is not properly before us. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (holding that an issue was not adequately presented when it was only mentioned briefly in the context of other issues).

No. 15-40009
Cons w/ Nos. 15-40099, 15-40772

of the City of Allen's Fire and Health Departments.  The certificate authorized Jabary to use his facility as a "Restaurant (No Drive-In or Through)," which the city code defines as "an establishment serving food to the general public in specific, designated dining areas."   Jabary applied for this certificate of occupancy using a form that listed "Restaurant/Hookah Bar" as the intended use, and the building inspector approved the application with knowledge that Jabary intended to rent hookah devices to his customers.  Jabary alleges that, in addition to the certificate of occupancy, the City issued him two documents, which are not in the record, acknowledging that the lounge "would be a smoking-only facility" and omitting any mention of minimum food sale requirements.

Jabary's year in business came to an end when the City building inspector hung a notice of violation on the door of his establishment stating that he was "doing business in the City of Allen without a certificate of occupancy."  The building inspector explained in a handwritten note on the back of the notice that Jabary's "certificate of occupancy is hereby revoked" because the "establishment does not meet criteria for restaurant use."  The building inspector revoked Jabary's certificate of operation without notice or a hearing after two inspections of the facility in a two-week period revealed substantial sanitation problems.[3]  However, he later testified that he revoked the certificate of occupancy for a combination of reasons, including community concerns, but that he "couldn't put [his] finger on an emergency issue" requiring summary revocation of Jabary's certificate of occupancy.

---

[3] In contrast, City health inspectors responded to the same sanitation problems by warning Jabary that he would receive a citation if he did not address the problems within ten days, not one of which had passed by the time the City building inspector revoked the certificate.

No. 15-40009
Cons w/ Nos. 15-40099, 15-40772

Internal correspondence reveals that City officials had been discussing possible ways of revoking Jabary's certificate of occupancy in response to community concerns about tobacco sales to minors and about sales of K2, a drug similar to marijuana that was legal at the time. During these discussions, the City's senior planner had indicated that operating as a hookah lounge was permitted under Jabary's certificate of occupancy and that only establishments that sold alcohol were required to have a minimum amount of food sales. The building inspector had initially agreed that "the facility is in compliance from a zoning, building code, and health perspective." After the first inspection revealed sanitation problems, however, he helped to implement a "plan of action" to inspect a second time and "see if we all agree there is not 51% sales of food then pull CO [certificate of occupancy]."

Jabary brought a procedural due process claim against the City building inspector and a takings claim against the City of Allen.[4] The district court dismissed Jabary's procedural due process claim, but this court determined that the building inspector was not entitled to qualified immunity on the pleadings and reversed. *Jabary v. City of Allen* (*Jabary I*), 547 F. App'x 600 (5th Cir. 2013). On remand, the building inspector twice moved for summary judgment on Jabary's procedural due process claim, again based on qualified immunity. The district court denied both motions, finding that there was a genuine issue of material fact as to whether the building inspector acted arbitrarily or had a reasonable basis for determining that there was an emergency requiring summary action. The building inspector appeals both denials of summary judgment on Jabary's procedural due process claim.

---

[4] Jabary also brought other claims that are not at issue in this appeal.

4

No. 15-40009
Cons w/ Nos. 15-40099, 15-40772

The district court stayed Jabary's takings claim against the City so that Jabary could pursue it in state court as required by *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985). After the Texas Fifth Court of Appeals affirmed summary judgment for the City in Jabary's state lawsuit, the district court lifted its stay. *Jabary v. City of Allen* (*Jabary II*), No. 05-12-01608-CV, 2014 WL 3051315 (Tex. App.—Dallas July 3, 2014, no pet.) (mem. op., not designated for publication). The City of Allen moved for summary judgment, and the district court granted the City's motion and dismissed Jabary's takings claim on the ground that *Jabary II* precluded the claim and, alternatively, that the claim was not ripe. The district court then severed Jabary's claims against the City and entered a final judgment of dismissal as to these claims pursuant to Federal Rule of Civil Procedure 54(b). Jabary appealed the judgment of dismissal, and his appeal is consolidated with the building inspector's appeal in the case now before us.

## II.

This court's jurisdiction over denial of summary judgment on qualified immunity is limited to issues of law. *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015); *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004). Thus, we review the materiality of any factual disputes *de novo* and do not review their genuineness at all. *Trent*, 776 F.3d at 376; *Kinney*, 367 F.3d at 347, 349. Because the district court identified a genuine issue of fact as to whether the building inspector had a reasonable basis for determining that there was an emergency warranting immediate action, our jurisdiction over his appeal is limited to an assessment of whether this issue of fact is material to the qualified immunity defense.

The defense of qualified immunity turns on two questions, which the court may address in any order: (1) whether the official violated a federal right;

5

No. 15-40009
Cons w/ Nos. 15-40099, 15-40772

and (2) whether the right was clearly established at the time of the challenged conduct. *Trent*, 776 F.3d at 377. We have already determined that at the time Jabary's certificate of occupancy was revoked, it was clearly established that procedural due process in most cases requires an opportunity for a hearing prior to deprivation of a property interest. *Jabary I*, 547 F. App'x 609–10 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)); *see also Bell v. Burson*, 402 U.S. 535, 542 (1971) (requiring opportunity for a hearing prior to deprivation of a license necessary to the plaintiff's profession); *Leland v. Miss. State Bd. of Registration for Prof'l Eng'rs & Land Surveyors*, 35 F.3d 559, \*1 (5th Cir. 1994) (same). However, a pre-hearing deprivation of property is permissible if: (1) the state did not act arbitrarily or abuse its discretion in determining that there existed an emergency situation that threatens public safety and necessitates quick action;[5] and (2) adequate post-deprivation process is provided. *RBIII, L.P. v. City of San Antonio*, 713 F.3d 840, 844–45 (5th Cir. 2013); *see also Zinermon v. Burch*, 494 U.S. 113, 127–28 (1990) (describing general requirement of opportunity for pre-deprivation hearing and noting that due process can be satisfied by a post-deprivation hearing in emergency situations).

Only one factual issue material to this analysis is disputed. The parties do not dispute that Jabary had a property interest in his certificate of occupancy, that he was deprived of it prior to any opportunity for a hearing, or that there were adequate post-deprivation procedures in place.[6] Thus,

---

[5] Jabary argues that more stringent review of the determination that there is an emergency is appropriate in cases where the state did not act pursuant to an ordinance providing for summary action. Because Jabary acknowledges that this argument is forfeited and because we would reach the same result under either standard, we need not decide the question.

[6] However, Jabary contends that these procedures were meaningless in his case because he was not aware of them.

6

No. 15-40009
Cons w/ Nos. 15-40099, 15-40772

whether the building inspector's action violated Jabary's clearly established right to a pre-deprivation hearing depends on whether his determination that there was an emergency was arbitrary or an abuse of discretion. *See RBIII*, 713 F.3d at 844–45; *see also Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 220–26 (5th Cir. 2012) (holding, where there was no emergency, that a city permit to operate a retail business could not be revoked without pre-deprivation process). Accordingly, the issue of fact identified by the district court—whether there was a reasonable basis for the building inspector to determine that there was an emergency—is material to the qualified immunity defense.

Nevertheless, the building inspector challenges the district court's determination that there is a factual dispute as to whether the building inspector acted reasonably. He argues that this dispute is not genuine. According to the building inspector, there can be no genuine dispute of fact because the district court determined that unsanitary conditions could allow a jury to determine that there was a reasonable basis for thinking there was a public health emergency, although it also determined that a jury could find otherwise. The building inspector also argues that unsanitary conditions and concerns over the sale of K2 preclude any argument that he acted arbitrarily or abused his discretion. Because these arguments attack the genuineness of the issue of fact identified by the district court rather than its materiality, we lack jurisdiction to consider them on interlocutory review and must remand the case for further consideration of Jabary's procedural due process claims against the building inspector. *See Kinney*, 367 F.3d at 347, 349.

## III.

A federal takings claim is not ripe if the plaintiff has not pursued available and adequate means of obtaining compensation under state law.

7

No. 15-40009
Cons w/ Nos. 15-40099, 15-40772

*Williamson*, 473 U.S. at 196–97.  A plaintiff has not pursued available and adequate means of obtaining compensation if he brings an action in state court but fails to present it in a posture that allows the state court to rule on the merits.  *Liberty Mut. Ins. Co. v. Brown*, 380 F.3d 793, 798 (5th Cir. 2004).  Thus, a claim is not ripened by pursuit of a state court lawsuit that is dismissed for failure to comply with a reasonable state-law exhaustion requirement.  *Id.* at 797–98.

Under this rule, Jabary's takings claim is not ripe.  Jabary's state court takings lawsuit was dismissed for failure to comply with a reasonable state-law exhaustion requirement because he did not file an administrative appeal within fifteen days of the time his certificate of occupancy was revoked.  *Jabary II*, 2014 WL 3051315, at *3.  Jabary argues that there is now no available means for pursuing compensation under state law, as demonstrated by the dismissal of his state lawsuit for failure to file an administrative appeal that is time-barred.  He also argues that there is no adequate means for pursuing compensation under state law because Texas law requires, as a pre-requisite to an inverse-condemnation lawsuit, that he exhaust administrative remedies that did not provide for compensation and were therefore futile.  Although at first blush these arguments give us pause, we have already held in similar circumstances that state law provided an available and adequate means of obtaining compensation even though the plaintiff's state claims were time-barred and required exhaustion of non-compensatory administrative appeals.  *See Liberty Mutual*, 380 F.3d at 799 (holding that the availability and adequacy of a remedy must be judged at the time of the alleged taking); *Liberty Mut. Ins. Co. v. La. Ins. Rating Comm'n*, 713 So.2d 1250, 1253 (La. Ct. App. 1998) (determining that administrative appeal procedure did not provide for compensation).  Thus, the district court correctly determined that Jabary's

federal takings claim is unripe due to his failure to use adequate state procedures for obtaining just compensation that were available at the time of the taking. Dismissal was appropriate but should have been without prejudice due to the fact that the district court lacked subject matter jurisdiction to hear the issue on the merits. *See Jabary I,* 547 F. App'x at 605.

## IV.

For the reasons stated above, the building inspector's appeal is DISMISSED for lack of jurisdiction and Jabary's procedural due process claim is REMANDED for further consideration. Because Jabary's takings claim against the City of Allen is not ripe, the district court's judgment dismissing Jabary's claim is modified to be without prejudice and is AFFIRMED as modified.